BEEK, Appellant,

v.

UNITED OHIO INSURANCE COMPANY et al., Appellees.*

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–00–008.

Decided July 6, 2001.

* Reporter's Note: An appeal to the Supreme Court of Ohio was allowed in (2001), 93 Ohio St.3d 1486, 758 N.E.2d 186.. The cause was dismissed on appellant's application in 95 Ohio St.3d 1481, 2002-Ohio-2496, 769 N.E.2d 398.

Martin W. Williams, for appellant.

Mark P. Seitzinger and Wendy C. Johnson, for appellee United Ohio Insurance Co.

HANDWORK, Judge.

{¶ 1} This is an appeal from a judgment of the Williams County Court of Common Pleas which granted summary judgment to appellee, United Ohio Insurance Company ("United"), in this declaratory judgment action concerning underinsured motorist ("UIM") coverage. For the reasons stated herein, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Frederick W. Beek, sets forth the following two assignments of error:

{¶ 3} "APPELLANTS [sic] ASSIGNMENT OF ERROR

{¶ 4} "1. The trial court erred in granting United Ohio's Motion for Summary Judgment.

{¶ 5} "2. The trial court erred in not finding that R.C. 3937.18 as amended by Am.Sub. S.B. 20 is unconstitutional."

{¶ 6} The following facts are relevant to this appeal. On February 9, 2000, appellant filed a complaint seeking a declaration that United must provide $200,000 of UIM benefits to his son's estate.[1] According to the complaint, on September 25, 1996, appellant's son, Ryan Beck, now deceased, was a passenger in a vehicle involved in a single vehicle accident. The vehicle in which Ryan was a passenger was covered by an insurance policy issued by United. The policy provided liability coverage of $100,000 per person and $300,000 per accident and the same limits for UIM coverage. United paid $100,000 to settle the claim of the estate under the liability portion of the policy but denied the UIM claim. On July 7, 2000, appellant filed an amended complaint, adding a claim against the state Attorney General that R.C. 3937.18 as amended by Senate Bill 20 was unconstitutional.

---

1. According to the complaint, appellant had originally filed this claim as a counterclaim on June 10, 1998, and dismissed that counterclaim on February 18, 1999, with the right to refile.

{¶ 7} United filed a motion for summary judgment, arguing that appellant had already collected the full policy limit under the liability portion of the policy. Appellant filed a memorandum in opposition and United filed a reply memorandum. On September 19, 2000, the state Attorney General filed a motion to dismiss. On November 28, 2000, the trial court granted United's motion for summary judgment; the trial court also found that R.C. 3937.18 was not unconstitutional. Appellant filed a timely notice of appeal.

{¶ 8} In his first assignment of error, appellant argues that there are five wrongful death beneficiaries, each of Ryan's parents and his three siblings, and that the per-occurrence limit of $300,000 applies in this case. This court finds no merit in this assignment of error.

{¶ 9} On the authority of *Littrell v. Wigglesworth* (2001), 91 Ohio St.3d 425, 746 N.E.2d 1077, this court finds the first assignment of error not well taken.

{¶ 10} In regard to appellant's second assignment of error, appellant used only one conclusory statement to support this assignment of error. App.R. 16(A)(7) states that appellant shall include in its brief:

{¶ 11} "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."

{¶ 12} Appellant failed to comply with App.R. 16(A) because he failed to present "reasons in support of the contentions" of his second assignment of error. According to App.R. 12(A)(2):

{¶ 13} "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 14} An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390. It is appellant's duty, not this court's, to set forth an argument in support of an assignment of error.

{¶ 15} Because the second assignment of error has no argument supporting its contentions, with no citations to the authorities, statutes, and part of the record relied on, this court finds that appellant has failed to comply with App.R. 16(A) as to his second assignment of error.

{¶ 16} Accordingly, appellant's second assignment of error is not well taken based upon App.R. 12(A)(2).

{¶ 17}  On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Williams County Court of Common Pleas is affirmed.  Appellant is ordered to pay the court costs of this appeal.

Judgment affirmed.

MARK L. PIETRYKOWSKI, P.J., and RICHARD W. KNEPPER, J., concur.