**THE ISLAND HOUSE INN, INC. et al., Appellants,**

v.

**STATE AUTO INSURANCE COMPANIES, a.k.a. State Automobile Mutual Insurance Company, et al., Appellees.**

[Cite as *The Island House Inn, Inc. v. State Auto Ins. Cos.*, 150 Ohio App.3d 522, 2002-Ohio-7107.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–02–022.

Decided Dec. 20, 2002.

**2.**  *State v. Pless* (1996), 74 Ohio St.3d 333, 340, 658 N.E.2d 766.

**3.**  *State v. Quran*, 8th Dist. No. 80701, 2002-Ohio-4917, 2002 WL 31087704.

Anthony P. Georgetti and Mary L. Mack, for appellants.

Alan B. Dills, for appellee State Automobile Insurance Company; Robert A. Bunda and Douglas E. Stallings, for appellees Roland R. Chapman and Tadsen Agency, Inc.

GLASSER, Judge.

{¶ 1} This is an accelerated appeal from a summary judgment issued by the Ottawa County Court of Common Pleas in a commercial insurance coverage dispute.

{¶ 2} At issue in this appeal is the extent of commercial insurance provided by an insurer and its independent agent on a Port Clinton hotel. Appellants are The Island House Inn, Inc. and its principals, David and Pamela Waleri.

{¶ 3} In 1997, David Waleri contacted appellee Roland R. Chapman concerning a commercial insurance policy for the Island Inn Motel, which Waleri was purchasing through appellant corporation. There was some discrepancy between the parties as to the accounts of the timing of their contact, but it is undisputed that on April 29, 1997, Chapman provided insurance on the structure through appellee, State Auto Mutual Insurance Company. It is also undisputed that the coverage Chapman provided did not include coverage for six low-pressure boilers that provided hot water to heat the Island House. It is similarly undisputed that Waleri did not request boiler coverage and Chapman did not suggest such coverage.

{¶ 4} On January 3, 1999, the Island House boilers failed, causing the inn to close until repairs to the heating system were accomplished. When appellants sought coverage for their loss through a business-interruption insurance claim, it was denied. Appellees advised appellants that, without a separate boiler coverage endorsement in their comprehensive policy, there was no coverage for business interruption arising out of the malfunctioning of the boilers.

{¶ 5} Following denial of their claim, appellants brought the suit which underlies this appeal. The complaint combined a declaratory judgment action against State Auto, seeking coverage under the policy, and an allegation of negligence in obtaining coverage against Chapman and his employer, appellee the Tadsen Agency. Following discovery, appellees moved for summary judgment. The trial court, relying on our decision in *Fry v. Walters & Peck Agency* (2001), 141 Ohio App.3d 303, 750 N.E.2d 1194, granted appellees' motion. This appeal followed.

{¶ 6} In a single assignment of error, appellants assert that the trial court erred in granting summary judgment.

{¶ 7} On review, appellate courts employ the same standard for summary judgment as do trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. The motion may be granted only when it is demonstrated:

{¶ 8} "* * *(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v.*

*Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 9}   When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.   *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.   When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact.   Civ.R. 56(E);   *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 463 N.E.2d 1246.   A "material" fact is one which would affect the outcome of the suit under the applicable substantive law.   *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186;   *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 826, 675 N.E.2d 514, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

{¶ 10}   With respect to appellee State Auto, appellants have failed to set forth any argument as to why summary judgment on the declaratory action was erroneous.   Absent argument, we may disregard that portion of this appeal.   App.R. 16(A);   *Beek v. United Ohio Ins. Co.*, 147 Ohio App.3d 302, 2001-Ohio-4365, 770 N.E.2d 596, ¶ 13 and 14.   Moreover, there was no evidence presented to suggest that State Auto might be vicariously liable for Chapman's acts or omissions.   See *DeVita v. Foster* (Apr. 22, 1993), Allen App. No. 1–92–102, 1993 WL 127176.   Accordingly, appellants' assignment of error as it relates to State Auto is not well taken.

{¶ 11}   As regards appellee Chapman, appellants cite vast authority for the proposition that an insurance agent has a duty to act with reasonable diligence to obtain the insurance which the agent's customer requests.   See, e.g., *First Catholic Slovak v. Buckeye Union Ins. Co.* (1986), 27 Ohio App.3d 169, 170, 27 OBR 202, 499 N.E.2d 1303.   Appellants concede, however, that they never requested that appellee Chapman obtain boiler insurance for the Island House Inn Motel.

{¶ 12}   Appellants only remaining argument is that Chapman breached his duty to exercise reasonable care to advise appellants as to their insurance needs.   Such a duty exists when an insurance agent knows that the customer is relying on his expertise.   *Stuart v. Natl. Indemn. Co.* (1982), 7 Ohio App.3d 63, 66, 7 OBR 76, 454 N.E.2d 158.   Whether such a breach occurred is a question of fact according to appellant.

{¶ 13} The trial court recognized that such a duty exists but, citing *Fry,* supra, 141 Ohio App.3d at 308, 750 N.E.2d 1194, found a corresponding duty for a commercial insured to examine the coverage provided and know the contents of his or her own insurance policies. The court noted that appellant David Waleri is vastly experienced in business and irrefutably knew from an inspection that he commissioned that there was some problem with the Island House boilers. Nevertheless, Waleri never reviewed his policy when it was issued or, indeed, when it was renewed a year later. Consequently, the trial court ruled, while there may be a question of fact as to whether Chapman breached his duty, there is no question that appellants did breach their duty. Therefore, pursuant to *Fry,* appellees were entitled to summary judgment.

{¶ 14} Modestus Fry was a Williams County farmer whose barn burned down, resulting in an estimated loss of $85,000. When Fry filed a claim for his loss with his insurance agent, he was informed that his policy contained a coinsurance provision, reducing the amount payable on his claim to $27,000. Fry sued his agent alleging, inter alia, that the agent had failed to exercise reasonable care in advising him about his coverage. Fry testified that he has a learning disability and "can read and write a little," and, therefore, relied on his agent's advice.

{¶ 15} The *Fry* trial court granted summary judgment to the insurance agent and we affirmed. In a portion of our opinion quoted and relied upon by the trial court in this case, we explained our reasoning:

{¶ 16} "An insurance agency has a duty to exercise good faith and reasonable diligence in obtaining insurance that its customer requests. *See First Catholic Slovak Union v. Buckeye Union Ins.* (1986), 27 Ohio App.3d 169, 170, 27 OBR 202, 203–204, 499 N.E.2d 1303, 1305; *Stuart v. Natl. Indemn. Co.* (1982), 7 Ohio App.3d 63, 66, 7 OBR 76, 78–79, 454 N.E.2d 158, 162–163. When the agency knows that the customer is relying upon its expertise, the agency may have a further duty to exercise reasonable care in advising the customer. *Stuart,* supra. The customer, however, has a corresponding duty to examine the coverage provided and is charged with knowledge of the contents of his or her own insurance policies. *Craggett v. Adell Ins. Agency* (1993), 92 Ohio App.3d 443, 453, 635 N.E.2d 1326, 1332–1333; *Nickschinski v. Sentry Ins. Co.* (1993), 88 Ohio App.3d 185, 195, 623 N.E.2d 660, 666–667." 141 Ohio App.3d at 310, 750 N.E.2d 1194.

{¶ 17} Like the trial court, we are unable to distinguish *Fry* from the matter at bar. This was a commercial insurance policy. David Waleri holds a degree in business and finance from Ohio State University. During his career he has owned numerous businesses, including at one point a 30–unit chain of Domino's Pizza franchises. The policy provisions of which he claims ignorance were in his

insurance contract and in his possession for a substantial amount of time. Moreover, he was aware prior to the issuance of the original insurance binder that the Island House Inn had boiler problems. If anything, these undisputed facts present a more compelling reason for him to examine his coverage than for the semiliterate farmer in *Fry*. Nevertheless, David Waleri apparently did not examine his policy. Consequently, he cannot now be heard to complain that the loss is due to his insurance agent's failure to properly advise him.

{¶ 18} Accordingly, appellants' sole assignment of error is not well taken.

{¶ 19} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs to appellants.

Judgment affirmed.

MARK L. PIETRYKOWSKI, P.J., and PETER M. HANDWORK, J., concur.

GEORGE M. GLASSER, J., retired, of the Sixth Appellate District, sitting by assignment.