DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Huron County Court of Common Pleas, which granted summary judgment to appellees American Family Insurance Group ("American Family"), Jerry Rice Insurance Agency and Jerry Rice ("Rice"), and denied appellants, John and Diane Bailey's, cross-motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On June 29, 2000, appellant, John Bailey, was riding his motorcycle on State Route 103 when he was struck from behind by a vehicle driven by an intoxicated driver. Bailey was thrown from his motorcycle and sustained multiple injuries.
 {¶ 3} On June 28, 2002, appellants filed a complaint for declaratory judgment against Rice and American Family. At the time of the accident, appellants' motorcycle was insured under a policy issued by Progressive Insurance Company. Appellants had purchased the Progressive policy from insurance agent, Jerry Rice. As a result of the accident, Progressive paid appellants $12,500.00, the limits of their liability policy. Also at the time of the accident, appellants owned a 1997 motor vehicle insured under a policy issued by American Family. In their complaint, appellants alleged that Rice had breached his duty to appellants in failing to advise them to purchase more than state minimum insurance coverage for their motorcycle. They also sought uninsured/underinsured motorist coverage from American Family. Appellees filed motions for summary judgment which the trial court granted. Appellants' now appeal setting forth the following assignments of error:
 {¶ 4} "I. The trial court erred in granting summary judgment in favor of appellees Jerry Rice Insurance Agency and Jerry Rice on the basis that there was as a matter of law no duty owed by the insurance agent to his customer to fully investigate and inform the customer of the ramifications of the insurance policy sold by the agent on other policies held by that customer."
 {¶ 5} "II. The trial court erred in granting summary judgment in favor of appellee American Family Insurance Co. and in denying appellants' cross-motion for summary judgment on the basis that there was as a matter of law no coverage available under the UIM (underinsured motorists insurance) provisions of a personal automobile insurance policy purportedly due to the applicability of an `other owned auto' provision in the policy with regard to a claim made thereunder arising out of injuries received by the insured while operating a motorcycle owned by the insured but insured through another insurance policy with lesser coverage."
 {¶ 6} In their first assignment of error, appellants contend that the trial court erred in granting summary judgment in favor of appellee Rice. Specifically, appellants contend that Rice breached his duty to appellants in failing to advise them to purchase a higher policy limit for their motorcycle.
 {¶ 7} Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327. In reviewing a ruling on a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129.
 {¶ 8} It is well established under Ohio law that to constitute actionable negligence there must be a failure to comply with a duty imposed by law. If there is no duty, there can be no legal liability for negligence. Moncol v. Bd. of Edn.
(1978), 55 Ohio St. 2d 72; U.S. Fire Ins. Co. v. Paramount FurService, Inc. (1959), 168 Ohio St. 431. The duty of the party is a matter of law, to be determined by the court. An insurance agent has a duty to act with reasonable diligence to obtain the insurance which the agent's customer requests and in advising the customer who relies on the agency's expertise. Slovak v. Adams(2001), 141 Ohio App. 3d 838, 845, citing Damon's Missouri,Inc. v. Davis (1992), 63 Ohio St. 3d 605, 609, and FirstCatholic Slovak v. Buckeye Union Ins. Co. (1986),27 Ohio App. 3d 169, 170. The customer, however, has a corresponding duty to examine the coverage provided and is charged with knowledge of the contents of his or her own insurance policies. Island HouseInn v. State Auto Ins. (2002), 150 Ohio App. 3d 522, citingCraggett v. Adell Ins. Agency (1993), 92 Ohio App.3d 443, 453.
 {¶ 9} In support of his motion for summary judgment, Rice submitted a sworn affidavit in which he stated:
 {¶ 10} "During the telephone conference that took place on or about May 15, 2000, I discussed uninsured/underinsured motorist coverage ("UM/UIM coverage") with John Bailey and advised him not to purchase minimum coverage. I explained that if he purchased minimum UM/UIM coverage and was later seriously injured in an accident with an uninsured or underinsured motorist while operating his 1979 Honda, his recovery under the UM/UIM policy would be limited to $12,500. I recommended that he purchase coverage greater than the minimum coverage. John Bailey did not follow my recommendation." Appellant, John Bailey, in his deposition, testified that he did not recall reading the Progressive policy he purchased through Jerry Rice and therefore, he was unaware of the policy's limits. He further added that he usually purchases an insurance policy without reading it.
 {¶ 11} Appellant, John Bailey, does not dispute Rice's claim that Rice advised him against purchasing a policy with only the state minimum coverage. Regardless, appellant seems to contend that Rice owed him a duty to insist that Bailey purchase more coverage. Given the fact that Bailey admits that he failed in his corresponding duty to read the policy, Rice cannot be held liable for any supposed breach of duty to advise appellant of his insurance needs. Appellants' first assignment of error is found not well-taken.
 {¶ 12} In their second assignment of error, appellants contend that the trial court erred in granting summary judgment in favor of American Family and denying appellants' cross motion for summary judgment. Specifically, appellants contend that they were entitled to uninsured motorist's coverage under their policy with American Family.
 {¶ 13} The declaration portion of the American Family policy at issue lists a "1997 Dodge Ram 1500" as the only insured vehicle under the policy. The UM/UIM portion of the policy states:
 {¶ 14} "EXCLUSIONS
 {¶ 15} This coverage does not apply to bodily injury to a person:
 {¶ 16} 1. While occupying, or when struck by, a motor vehicle that is not insured under this part, if it is owned by you or any member of your household."
 {¶ 17} In 1994, the Ohio Supreme Court held that UM/UIM coverage was designed to protect persons, not vehicles. Therefore, an automobile liability insurance policy provision which eliminates UM/UIM coverage for persons injured while occupying a motor vehicle owned by an insured but not specifically listed in the policy was invalid and unenforceable as being contrary to R.C. 3937.18. Martin v. Midwestern Group.Ins. Co. (1994), 70 Ohio St.3d 478. However, version H.B. 261 of R.C. 3937.18, (effective 10-31-2001), superceded the holding inMartin, supra, and allowed an insurer to limit UM coverage by a provision commonly referred to as the "other-owned auto exclusion."
 {¶ 18} It is undisputed that the motorcycle involved in appellant's accident was not a covered vehicle listed on the declarations page of the American Family policy. Pursuant to R.C.3937.18, appellants are barred from recovery by virtue of the "other-owned auto exclusion" under the UM/UIM portion of the American Family policy. Accordingly, the trial court did not err in granting summary judgment to American Family and denying appellants' cross-motion for summary judgment. Appellants' second assignment of error is found not well-taken.
 {¶ 19} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Common Pleas Court is affirmed. Costs assessed to appellants.
Judgment Affirmed.
Knepper, J., Singer, J., Lanzinger, J., Concur.