DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Stephen W. Gallat, appeals the trial court's grant of summary judgment to appellee, Progressive Insurance Company ("Progressive"). Appellant contends that the following errors occurred in the proceedings below:
 {¶ 2} "I. The trial court committed reversible error in granting summary judgment on the issue of whether appellee could exclude or reduce uninsured/underinsured motorists coverage to appellant who was entitled to recover from a tortfeasor as a matter of law."
 {¶ 3} "II. The trial court committed reversible error in granting summary judgment to appellee and stating the appellant's policy limits did not exceed that of the tortfeasor."
 {¶ 4} "III. The trial court committed reversible error in granting summary judgment to appellee without ruling on the issue of bad faith."
 {¶ 5} On June 30, 2000, appellant was injured by the tortfeasor, Alesa Lotozynski, when the automobile she was operating collided with his motorcycle. At the time of the accident, appellant's motorcycle was insured by Progressive. The policy provided underinsured/uninsured motorist coverage with a limit of $12,500 per person and $25,000 per accident. In addition, appellant's mother, Patricia A. Gallat also held a motor vehicle insurance policy issued to her by Progressive. Her policy was issued on March 1, 2000 and afforded her UM/UIM coverage up to $250,000 per person and 500,000 per accident. It is undisputed that appellant did not reside with his mother on June 30, 2000 and has not resided with her at any point after that time.
 {¶ 6} Appellant subsequently settled his personal injury claim with the tortfeasor for her motor vehicle insurance liability limit of $12,500. He then initiated an action against,
 {¶ 7} among others,[1] Progressive in which he sought underinsured motorist ("UIM") coverage pursuant to both his motor vehicle policy and his mother's motor vehicle policy. Appellant also alleged that Progressive acted in bad faith by failing to provide him with UIM coverage.
 {¶ 8} Progressive filed a motion for summary judgment in which it asserted that appellant was injured while operating a motor vehicle that was not covered under his mother's policy. Progressive also contended that appellant was not entitled to UIM coverage under his motor vehicle policy. Appellant filed a memorandum in opposition to the motion for summary judgment, and Progressive filed a reply brief. On April 26, 2004, the common pleas court entered a judgment in favor of Progressive. The trial court held that, pursuant to an "other owned vehicle" clause, appellant's motorcycle was not afforded UIM coverage under his mother's policy. The court also determined that appellant was not entitled to recover pursuant to his own motor vehicle policy because his UIM limits did not exceed the tortfeasor's motor vehicle liability policy limits. Because of these findings, the trial court did not address appellant's claim of bad faith.
 {¶ 9} Our review of the appropriateness of a trial court's grant of summary judgment is de novo. Andersen v. Highland House Co.,93 Ohio St.3d 547, 548, 2001-Ohio-1607. Thus, the standard applicable in our review of appellant's assignments of error is found in Civ.R. 56(C). Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Id., Horton v.Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
 {¶ 10} In his Assignment of Error No. I, appellant initially contends that "H.B. 261," which was, in part, enacted by the legislature to permit the inclusion of an "other owned vehicle" exclusion to UIM coverage was not in effect at the time of his accident.
 {¶ 11} In Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus, the Supreme Court of Ohio held: "For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Therefore, our task is to determine whether "H.B. 261" was in effect on March 1, 2000, the date that Patricia Gallat entered into her motor vehicle policy with Progressive.
 {¶ 12} On September 3, 1997, the General Assembly enacted Am. Sub. H.B. 261, which added the new sections to R.C. 3937.18. R.C. 3937.18
(J)(1),[2] that portion of the statute that permits an insurer to exclude UM/UIM coverage by means of an "other owned vehicle" clause, was effective through October 31, 2001. Because Patricia Gallat entered into her insurance contract with Progressive on March 1, 2000, R.C.3937.18(J)(1) is applicable to the case under consideration.
 {¶ 13} Appellant next argues that, even if R.C. 3937.18(J)(1) is applicable to this cause, the "other owned vehicle" exclusion must conform to the statute. However, appellant fails to offer any arguments in support of this contention. Thus, for the following reasons, we conclude that the trial court did not err in granting summary judgment on this issue as a matter of law.
 {¶ 14} A contract of insurance is construed in the same manner as any contract. Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992),64 Ohio St.3d 657, 665. Thus, a court's goal when construing an insurance policy is to ascertain the intent of the parties. Foster WheelerEnviresponse, Inc. v. Franklin Cty. Convention Facilities Auth. (1997),78 Ohio St.3d 353, 361. "Where the terms in an existing contract are clear and unambiguous, this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 246.
 {¶ 15} The relevant provisions in Patricia Gallat's Progressive policy read:
 {¶ 16} "PART III-UNINSURED/UNDERINSURED MOTORIST
 COVERAGE
 {¶ 17} "* * *
 {¶ 18} "Subject to the Limits of Liability, if you pay a premium for Uninsured/Underinsured Motorist Bodily Injury Coverage, we will pay for damages, other than punitive or exemplary damages, which an insuredperson is entitled to recover from the owner or operator of an uninsuredmotor vehicle or an underinsured motor vehicle.
 {¶ 19} "* * *
 {¶ 20} "ADDITIONAL DEFINITIONS
 {¶ 21} "When used in this Part III:
 {¶ 22} "1. `Insured person' and `insured persons' mean:
 {¶ 23} "a. you or a relative and
 {¶ 24} "b. any person occupying a covered vehicle."
 {¶ 25} "EXCLUSIONS-READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF ANEXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.
 {¶ 26} "Coverage under this Part III is not provided for bodilyinjury or property damage sustained by any person:
 {¶ 27} "While operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of, you or a relative,
other than a covered vehicle."
 {¶ 28} The covered vehicles listed on the Declarations Page of Patricia's policy are a 1995 Monte Carlo and a 1991 Honda Civic. Accordingly, the plain language of "other
 {¶ 29} owned vehicle" clause clearly excludes appellant from UIM coverage under Patricia Gallat's Progressive policy. Accord, Geren v.Westfield Ins. Co., 6th Dist. No. L-01-1398, 2002-Ohio-1230. See, also,Baily v. Progressive Ins. Co., 6th Dist. No. H-0-43, 2004-Ohio-4853.
 {¶ 30} Indeed, appellant is not even an "insured" within the meaning of his mother's motor vehicle policy because a "relative" is defined, in material part, as a person related to the named insured, to wit, Patricia, by blood and who, as a dependent child resides temporarily away from the named insured. It is undisputed that appellant lived in his own apartment at the time of the accident, that he expressed no intention of ever returning to his mother's residence, and that he never returned to that residence after the accident. Consequently, appellant had no basis upon which to raise a claim of UIM coverage under his mother's motor vehicle insurance policy, and his Assignment of Error No. I is found not well-taken.
 {¶ 31} Appellant's Assignment of Error II contends that the trial court erred in granting summary judgment to Progressive because his policy's UIM limits were not the same as the tortfeasor's policy limits. However, appellant asks this court to compare his mother's UIM policy limits of $250,000 per person and $500,000 for each accident with the tortfeasor's limits. As stated previously, appellant is not entitled to UIM coverage under Patricia's policy. As a result, her UIM limits have no relevance to this assignment of error. Instead, the trial court properly compared the amount of UIM coverage "actually accessible" to appellant from the tortfeasor's automobile liability insurance to the appellant's own UIM limits. See Clark v. Scarpelli (2001), 91 Ohio St.3d 271, 276. Thus, the common pleas court correctly determined that appellant was not entitled to recover under the UIM provision of his Progessive policy because the limits of that policy did not exceed the limits of the tortfeasor's policy. Appellant's Assignment of Error No. II is found not well-taken.
 {¶ 32} In his Assignment of Error III, appellant contends that the trial court erred in failing to rule on his claim of bad faith.
 {¶ 33} "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefore." Zoppov. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, paragraph one of the syllabus. In the case under consideration, the trial court was not required to address appellant's bad faith claim because Progressive had justification for rejecting appellant's claims; specifically, appellant was not entitled to UIM coverage under either his policy or his mother's policy. Accordingly, appellant's Assignment of Error No. III is found not well-taken.
 {¶ 34} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shallk constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J.
[1] The other defendants were voluntarily dismissed, without prejudice, from this suit.
[2] Former R.C. 3937.18 (J) reads, in pertinent part:
"The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
"(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made * * *."