OPINION
{¶ 1} Plaintiffs-appellants, Chee Chee Rose and Chee Chee Rose Ministries, appeal the decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendants-appellees, John Landen, Jr. and John Landen and Associates Insurance Agency, Inc. We affirm the decision of the trial court.
 {¶ 2} In 1996, appellants purchased five acres of land by land contract in Lebanon, Ohio. Appellants, who operated a children's daycare, hoped to use the land for recreational activities. They also planned to convert a barn on the property into a Christian theater. Soon thereafter, the daycare experienced financial difficulties and appellants converted the barn into a bingo hall. Appellant Rose decided to reside at the farmhouse located on the property.
 {¶ 3} Appellant Rose was then introduced to appellee Landen for the purpose of procuring owner's insurance for the property. Appellees obtained an insurance policy for appellants on the property that contained personal property contents limits of $75,000, automatically calculated as 75 percent of the coverage amount for the dwelling. Due to appellants' continuing financial difficulties, the land contract on the Lebanon property was converted into a lease later that year.
 {¶ 4} In September 1999, the insurance policy was changed to reflect this shift, converting the owner's policy to a renter's policy. Because appellants no longer had an interest in covering the residence itself, the automatic contents limits calculation was no longer applicable. Appellant met with appellee regarding the change. There is some dispute as to the specifics of the conversation. Appellant claimed that she did not request a specific contents limits, instead relying on appellee's expertise and experience to determine how much insurance she needed. Appellee, however, stated that appellant specifically asked for $50,000 in contents limits. In October 1999, appellees mailed the completed renter's policy to appellants with personal property liability limits of $50,000. Appellant admitted, upon receipt of the policy, that she did not read the policy nor examine its terms.
 {¶ 5} On July 20, 2000, a fire at the farmhouse damaged some of appellants' personal property within. The losses suffered exceeded the $50,000 amount of the policy's contents limits. Appellants subsequently filed a complaint against appellees alleging negligence for failure to procure adequate insurance on the Lebanon properties. The trial court granted summary judgment in favor of appellees. The trial court found that appellees did not breach their duty owed to appellants despite factual discrepancies as to the details regarding the conversion of the owner's policy to a renter's policy.
 {¶ 6} Appellants now appeal the grant of summary judgment in favor of appellees raising three assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court erred by granting appellees' motion for summary judgment when genuine issues of material fact existed which should have precluded summary judgment."
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "The trial court erred by finding that rose's failure to request a specific coverage limit excused landen's negligence."
 {¶ 11} Assignment of Error No. 3:
 {¶ 12} "The trial court erred by granting summary judgment to appellees based on Rose's admitted failure to read the policy at issue before the occurrence of the fire."
 {¶ 13} Because appellants' assignments of error are interrelated, we shall address them together. Civ.R. 56(C) provides in part that summary judgment shall be rendered where 1) there is no genuine issue as to any material fact; 2) the moving party is entitled to judgment as a matter of law; 3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in his favor.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. An appellate court's standard of review on appeal from a summary judgment is de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. An appellate court reviews a trial court's disposition of a summary judgment independently and without deference to the trial court's judgment. Id. In reviewing a summary judgment disposition, an appellate court applies the same standard as that applied by the trial court. Midwest Ford, Inc. v.C.T. Taylor Co. (1997), 118 Ohio App.3d 798, 800.
 {¶ 14} Appellants argue that the trial court erred when it found that there were no genuine issues of material fact regarding appellees' alleged negligent failure to procure adequate insurance coverage in appellants' insurance policy. We disagree. The undisputed fact of appellants' failure to examine their own policy's contents precludes recovery based upon any alleged negligence by appellees.
 {¶ 15} In the insurance context, an action for negligence may be based upon an insurance agent's failure to procure insurance. Minor v. AllstateIns. Co. (1996), 111 Ohio App.3d 16, 21. An agent will be held liable if, "as a result of his or her negligent failure to [procure insurance], the other party to the [insurance] contract suffers a loss because of a want of insurance coverage contemplated by the agent's undertaking." Id.
 {¶ 16} An insurance sales agency has a duty to exercise good faith and reasonable diligence in obtaining insurance which its customer requests.First Catholic Slovak Union of U.S. and Canada v. Buckeye Union Ins. Co.
(1986), 27 Ohio App.3d 169, 170 (citing Stuart v. Natl. Indemn. Co.
[1982], 7 Ohio App.3d 63, 66). When the agency knows that the customer is relying upon its expertise, the agency may have a further duty to exercise reasonable care in advising the customer. Id. In addition to the duty of the agent, the insured has the corresponding duty to examine the policy, know the extent of its coverage, and notify the agent if said coverage is inadequate. The Island House Inn, Inc. v. StateAuto Ins. Cos., 150 Ohio App.3d 522, 2002-Ohio-7107, ¶ 16. See, also,Nofer v. Volanski Agency, Inc., (Ohio C.P. 1980), 414 N.E.2d 450, 452 (agent found not liable for providing alleged inadequate coverage when plaintiff failed to review policy endorsements and received the benefit of a lower premium for eight months).
 {¶ 17} In The Island House Inn, plaintiffs purchased an insurance policy for their newly acquired motel. Defendants provided insurance on the structure, but the policy did not include coverage for the motel's low-pressure boilers that provided hot water to heat the inn. Coverage was neither requested nor suggested by either party. After the boilers failed, the inn was forced to close while repairs were made. Plaintiffs sought coverage for losses sustained through a business-interruption insurance claim, but defendants denied the claim. Suit was subsequently filed alleging that defendants were negligent by failing to advise plaintiffs as to their insurance needs.
 {¶ 18} Affirming the grant of summary judgment in favor of the defendants, the Sixth District Court of Appeals reasoned:
 {¶ 19} "The policy provisions of which [plaintiff] claims ignorance were in his insurance contract and in his possession for a substantial amount of time. Moreover, he was aware prior to the issuance of the original insurance binder that the Island House Inn had boiler problems. * * * Nevertheless, [he] apparently did not examine his policy. Consequently, he cannot now be heard to complain that the loss is due to his insurance agent's failure to properly advise him." The Island HouseInn, at ¶ 17.
 {¶ 20} In the case at bar, appellant Rose is a well-educated business woman. She has a Ph.D. in Ministry and taught high school English, speech, and journalism courses. She has been the president of Chee Chee Rose Ministries since 1983 during which time she has owned and operated numerous businesses including a child daycare center, a Christian dinner theater, a bingo hall, and a bookstore. When the land contract for the Lebanon properties was cancelled and replaced by a lease, she testified that she knew she wanted different contents limits reflected in the renter's policy. However, appellant admitted to not examining her new policy. Appellants were covered by this renter's policy for over ten months. She cannot now argue that the loss was due to appellees' failure to properly advise her.
 {¶ 21} Appellants maintain that they relied on appellees' expertise to procure sufficient coverage. In essence, appellants argue that appellees were fiduciaries with a higher duty of care, a duty not only to provide the coverage requested but also to advise appellants of the amount of coverage needed. The Ohio Supreme Court has defined a fiduciary relationship as one "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust."Ed Schory Sons, Inc. v. Francis, 75 Ohio St.3d 433, 442, 1996-Ohio-194
(quoting In re Termination of Employment of Pratt [1974],40 Ohio St.2d 107, 115). A fiduciary relationship may be created out of an informal relationship when both parties understand a special trust of confidence has been reposed. Id.
 {¶ 22} However, it is important to note that "[w]hile the law has recognized a public interest in fostering certain professional relationships, such as the doctor-patient and attorney-client relationships, it has not recognized the insurance agentclient relationship to be of similar importance." Nielsen Enterprises, Inc. v.Insurance Unlimited Agency, Inc. (May 8, 1986), Franklin App. No. 85AP-781. See, also, Roberts v. Maichl, Hamilton App. No. C-040002, 2004-Ohio-4665.
 {¶ 23} In this case, we find that the record shows the relationship between appellants and appellees was nothing more than an ordinary business relationship between insurance agent and client. Furthermore, appellant was in the best position to know how much coverage she needed. In her deposition, she stated that had she known her personal property liability limits were set at $50,000, she would have sought an increase in coverage. Appellees' duty to exercise good faith and reasonable diligence was satisfied in obtaining the insurance, but there was no duty to advise appellants as to the extent of coverage needed.
 {¶ 24} Appellants also contend that the trial court erred when it granted summary judgment when it found appellant's failure to read the insurance policy was the sole and proximate cause of any loss sustained as a result of being underinsured. Appellants cite Texler v. D.O. SummersCleaners Shirt Laundry Co., 81 Ohio St.3d 677, 1998-Ohio-602, for the proposition that the issue of whether contributory negligence is the proximate cause of injury is an issue for the jury to decide.
 {¶ 25} However, appellants' argument must fail in light of our earlier discussion. Examining the evidence presented, the fact that appellant failed to read her insurance policy is undisputed. Thus reasonable minds could come only to one conclusion, namely that appellant breached her own duty which entitled appellees to summary judgment.
 {¶ 26} Accordingly, appellants' three assignments of error are overruled.
 {¶ 27} Judgment affirmed.
Young and Bressler, JJ., concur.