{¶ 79} I respectfully dissent from the majority's opinion.
 {¶ 80} In the first prong of the analysis, I agree with the majority's conclusion that "a review of the statutory provisions [governing insurance agents] and the regulations from the Ohio Administrative Code" does not warrant a conclusion that "there is an express duty cast upon the salesperson or the finance manager to ask questions about the appellant's medical condition, to discover reasons why coverage might not be available, or to make sure that appellant reads the relevant paperwork to satisfy himself that he is eligible for the insurance coverage." This should be the extent of our analysis.
 {¶ 81} However, in the fourth prong of the analysis, the majority, after viewing the evidence in a light most favorable to the plaintiffs, goes on to hold that a genuine issue of material fact exists regarding whether Klaben negligently breached its duty to exercise good faith and reasonable diligence based upon Klaben having "all the attributes or a de facto insurance agency," but for a sign outside the dealership designating it as such.
 {¶ 82} Even accepting plaintiff's contention that Klaben had such an affirmative "duty to exercise good faith and reasonable diligence in obtaining insurance which its customer requests," such duty does not obviate the corresponding duty of the insured "to examine the policy, know the extent of its coverage, and notify the agent if said coverage is inadequate." Rose v.Landen, 12th Dist. No. CA2004-06-066, 2005-Ohio-1623, at ¶ 16.
 {¶ 83} According to the undisputed evidence and testimony, Parker and Konopinski admitted to not reading the policy prior to signing it. Had they done so, they would have been alerted to the likelihood that they would not be covered for their pre-existing conditions. As the majority correctly notes, "[t]he fact that [the salesperson] told plaintiffs that they were `covered' did not entitle plaintiffs to assume that they were covered for any and all risks under any circumstances." Collins v. GeneralMotors Acceptance Corp. (Jun. 4, 1991), 10th Dist. No. 91AP-124. 1991 Ohio App. LEXIS 2677, at *10. Furthermore, as aptly noted by the majority, "[a] person of ordinary mind cannot be heard to say that he was misled," negligently or otherwise, "into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed." ABMFarms, Inc. v. Woods, 81 Ohio St.3d 498, 503, 1998-Ohio-612. Therefore, appellants' claims against Klaben must necessarily fail as a matter of law.
 {¶ 84} For the same reasons as above, appellants' claims against Protective, based upon principal/agent or respondeat superior theories, also fail as a matter of law.
 {¶ 85} Accordingly, I would affirm the judgment of the Trumbull County Court of Common Pleas granting summary judgment in favor of both Klaben and Protective.