[Cite as *Wencel v. Am. Family Ins. Co.*, 2011-Ohio-2290.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95926**

## DYONIZY WENCEL, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## AMERICAN FAMILY INSURANCE COMPANY

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-700354

**BEFORE:** Rocco, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 12, 2011

**ATTORNEY FOR APPELLANTS**

Lawrence J. Rich
Zashin & Rich Co., L.P.A.
55 Public Square
Fourth Floor
Cleveland, Ohio   44113

**ATTORNEY FOR APPELLEE**

Jamie L. Snow
Wilkerson & Associates Co., L.P.A.
1422 Euclid Avenue, Suite 248
Cleveland, Ohio 44114

KENNETH A. ROCCO, J.:

**{¶ 1}** In this appeal brought upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiffs-appellants Dyonizy and Alicia Wencel appeal from the trial court order that granted summary judgment to defendant-appellee American Family Insurance Company ("AmFam") on causes of action for breach of contract and bad faith based upon AmFam's rejection of a property loss claim they made under their homeowners' insurance policy.

{¶ 2}   The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion.  *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 463 N.E.2d 655; App.R. 11.1(E).

{¶ 3}   The Wencels present five assignments of error.  They argue summary judgment for AmFam was inappropriate because issues of material fact remained as to: 1) the cause of their property loss; 2) their right to rely on the agent's representations; 3) the comprehensibility to a lay person of the policy's terms; and 4) the meaning of the relevant policy terms.  This court disagrees.

{¶ 4}   The Wencels alleged in their amended complaint that on June 29, 2009, the concrete in-ground swimming pool on their property sustained damage in a rainstorm, that they had made a demand on AmFam for coverage of the loss under their homeowners' insurance policy, but that AmFam acted in bad faith by denying their claim.

{¶ 5}   According to the evidence contained in the record, the Wencels' homeowners' policy contained the following relevant provisions:

{¶ 6}   "**PERILS INSURED AGAINST - SECTION I**

{¶ 7}   "**COVERAGE   A   -   DWELLING   AND   DWELLING EXTENSION**

{¶ 8} "**We** cover risks of accidental direct physical loss to property described in   Coverage A - Dwelling and Dwelling Extension, unless the loss is excluded in this policy.

{¶ 9}  "**LOSSES NOT COVERED**

{¶ 10} "**We** do not cover loss * * * resulting * * * or caused by one or more of the following.   Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

{¶ 11} "1.   Losses excluded under EXCLUSIONS - SECTION I.

{¶ 12} " * * *

{¶ 13} "5. **\* \* \* Pressure or Weight of Water \* \* \*** , to:

{¶ 14} " * * *

{¶ 15} "B.   An outdoor swimming pool * * * .

{¶ 16} " * * *

{¶ 17} "**EXCLUSIONS - SECTION I**

{¶ 18} "**PART A**

{¶ 19} "The following exclusions apply to Coverage A * * * .   **We** do not insure for loss caused * * * by any of the following.   Such loss is excluded regardless of any other cause or event contributing concurrently or in any other sequence to the loss.

{¶ 20} " * * *

**{¶ 21}** "9. **Water damage**, meaning:

**{¶ 22}** " * * *

**{¶ 23}** "c. regardless of its source, water below the surface of the ground. This includes water which exerts pressure on * * * any part of a * * * swimming pool."

**{¶ 24}** After filing its answer and obtaining discovery, AmFam filed a motion for summary judgment on the Wencels' amended complaint. AmFam argued the terms of the policy clearly excluded from coverage the loss the Wencels suffered.

**{¶ 25}** AmFam supported its argument with verified copies of the reports submitted by the Wencels' expert and by AmFam's expert. Each of the experts opined that the Wencels' empty swimming pool had been damaged when underground "water pressure" acted on it to raise the deep end above the surrounding ground.

**{¶ 26}** The Wencels filed an opposition brief. They argued therein that they believed their policy covered the swimming pool because their agent told them so and because they "purchased the most expensive policy." They further argued the damage had been caused by an equipment failure rather than by water pressure. The Wencels relied mainly upon Dyonizy's deposition testimony to support their argument.

{¶ 27} After AmFam filed a reply brief, the trial court granted summary judgment to AmFam on the Wencels' complaint.[1]

{¶ 28} The Wencels assert in their five assignments of error that the trial court acted improperly because genuine issues of material fact remain regarding: 1) the cause of the damage;[2] 2) representations made by their insurance agent that their swimming pool was covered under the policy;[3] 3) the comprehensibility to a layperson of the policy's terms; [4] and 4) interpretation of the policy's terms.[5]

{¶ 29} The Wencels' first, fourth, and fifth assignments of error are overruled on the authority of *Ho v. State Farm Fire & Cas. Co.* (Oct. 13, 2005), Cuyahoga App. No. 86217 and *Bailey v. Progressive Ins. Co.*, Huron App. No. H-03-043, 2004-Ohio-4853. In clear, unambiguous terms the policy excluded from coverage any damage to property caused from water pressure, whether above or below ground; both the Wencels' and AmFam's experts

---

[1]This decision necessarily disposed of AmFam's counterclaim, which alleged that the policy afforded the Wencels no coverage for this loss.

[2]First and Fourth Assignments of Error.

[3]Second Assignment of Error.

[4]Third Assignment of Error.

[5]Fifth Assignment of Error.

opined that the damage was due to underground water pressure. AmFam, therefore, had no duty to provide coverage under the policy.

{¶ 30} The Wencels' second and third assignments of error are overruled on the authority of *Horak v. Nationwide Ins. Co.*, Summit App. No. CA 23327, 2007-Ohio-3744 and *Bailey*; see, also, *Cragett v. Adell Ins. Agency* (1993), 92 Ohio App.3d 443, 635 N.E.2d 1326. The Wencels were required to examine the policy to ensure that the extent of coverage it provided met their needs; AmFam was not accountable if the Wencels' insurance agent made negligent oral misrepresentations about the policy terms.

{¶ 31} For the foregoing reasons, the trial court order is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR