**ROBSON et al., Appellants,**

v.

**QUENTIN E. CADD AGENCY et al., Appellees.**

[Cite as *Robson v. Quentin E. Cadd Agency,* 179 Ohio App.3d 298, 2008-Ohio-5909.]

Court of Appeals of Ohio,
Fourth District, Hocking County.

No. 07CA26.

Decided Nov. 10, 2008.

Vickery, Riehl & Alter, and Lawrence A. Riehl, for appellants.

Williams & Petro Co., L.L.C., John P. Petro, and Susan S.R. Petro, for appellee Quentin E. Cadd Agency.

HARSHA, Judge.

{¶ 1} Walter Robson and Debi Oliver[1] appeal the trial court's decision entering summary judgment in favor of the Quentin E. Cadd Agency on their negligent-

---

1. Oliver subsequently remarried, and her current last name is Robson.  However, we use Oliver because Oliver is the name that appears in the trial court record.  And while the nature

procurement claim. They contend that genuine issues of material fact remain regarding whether Cadd breached its duty to provide the uninsured-/underinsured-motorists ("UM/UIM") coverage that Oliver allegedly requested. Oliver stated that she requested a policy with "full coverage," which she assumed would include UM/UIM coverage. However, Cadd's agent stated that Oliver requested her to remove UM/UIM coverage from the policy. This is a factual dispute that precludes summary judgment. Moreover, Oliver's failure to read the policy does not preclude her claim. Instead, her failure to read the policy is a matter of comparative negligence that is reserved to the factfinder. Accordingly, the trial court erroneously entered judgment in Cadd's favor.

{¶ 2} However, because Robson cannot demonstrate that Cadd owed him any duty to obtain UM/UIM coverage, the trial court appropriately entered summary judgment in Cadd's favor as it relates to his negligent-procurement claim. Therefore, we sustain the sole assignment of error as it relates to Oliver but overrule it as it relates to Robson. We reverse the trial court's judgment in part and affirm it in part, and we remand this matter for further proceedings consistent with this opinion.

## I. FACTS

{¶ 3} In April 2002, Oliver contacted Cadd to inquire about obtaining a commercial automobile insurance policy for a dump truck. Oliver informed Cadd's agent, Charlotte Cox, that she wanted a "full coverage" policy. Cox subsequently provided Oliver with a quote for insurance that included UM/UIM coverage. According to Cox, Oliver stated that the quote was higher than she desired and requested Cox to issue a policy without UM/UIM coverage. Oliver denies Cox's claim that she advised Cox to remove UM/UIM coverage. In any event, the parties do not dispute that Cadd subsequently procured an insurance policy that clearly stated on the declarations page that UM/UIM coverage was "rejected" and that Oliver never read the declarations page. It also is undisputed that the insurance policy contained an unsigned UM/UIM rejection form.

{¶ 4} Approximately two years after the policy was issued, Oliver's employee, Robson, sustained injuries in an automobile accident involving the dump truck. Oliver and Robson eventually settled their claim against the tortfeasor and then sought UM/UIM coverage under the policy Cadd had procured through Progressive Preferred Insurance Company. Progressive denied the claim. Oliver and Robson then filed a complaint against Cadd and Progressive. They alleged that Cadd negligently failed to procure an insurance policy that contained UM/UIM

---

of her injury or damages is not clear, the parties have not addressed whether she suffered any compensable injury in fact. Therefore, neither do we.

coverage. They further sought a declaratory judgment that they are insureds under the Progressive policy. Oliver and Robson subsequently dismissed their claim against Progressive.

{¶ 5} Later, Cadd filed a motion for summary judgment. Cadd asserted several grounds to support its motion: (1) Ohio law no longer requires insurers to offer UM/UIM coverage and, thus, Robson and Oliver's claim fails as a matter of law; (2) any claim for negligent misrepresentation is time-barred, and Oliver cannot establish one of the elements of a negligent misrepresentation claim, justifiable reliance, because she failed to read the policy; (3) any claim for negligent procurement fails because Oliver did not read the policy; and (4) Robson and Oliver cannot prove that the absence of UM/UIM coverage proximately caused any alleged losses because Robson was not an "insured" under the policy.

{¶ 6} Robson and Oliver responded that genuine issues of material fact remain regarding their negligent-procurement claim. They asserted that Oliver's account of her discussions with Cox conflicted with Cox's account and that this dispute precluded summary judgment. Robson and Oliver disputed Cadd's assertion that Oliver's failure to read the policy precluded their claim. They further argued that the absence of UM/UIM coverage proximately caused their loss because Robson fits the definition of an "insured" under the UM/UIM policy provisions.

{¶ 7} The trial court subsequently granted Cadd summary judgment, without explanation. The court's decision reads, in its entirety, as follows: "Upon motion and for good cause shown, the Court grants the motion of the Quentin E. Cadd agency for summary judgment and dismisses all claims of the plaintiffs. The Court finds there is no just cause for delay."

## II. ASSIGNMENT OF ERROR

{¶ 8} Robson and Oliver raise one assignment of error:

The trial court committed reversible error in granting summary judgment in favor of Defendant–Appellee Quentin E. Cadd Insurance Agency when the record presents genuine issues of material fact sufficient to preclude summary judgment and require jury resolution.

## III. DISCUSSION

{¶ 9} In their sole assignment of error, Robson and Oliver assert that the trial court erred by granting Cadd summary judgment. First, they complain that the trial court failed to issue a sufficient rationale for its decision, which they contend permits us to remand the court's judgment for clarification. Second, they argue

that genuine issues of material fact remain regarding Cadd's negligence in procuring the UM/UIM coverage that Oliver allegedly requested. Third, they assert that they timely filed their complaint. Fourth, they contend that Robson was an insured under the UM/UIM policy provisions.

{¶ 10} Cadd argues that Robson and Oliver asserted a claim for negligent misrepresentation, not negligent procurement, and that the allegedly disputed facts are not material to a negligent-misrepresentation claim. Cadd further contends that the statute of limitations bars the negligent-misrepresentation claim. Cadd also argues that a negligent-procurement claim fails, because Cadd did not breach its duty and because Oliver's failure to read the policy proximately caused the loss.

## A. SUMMARY–JUDGMENT STANDARD

{¶ 11} In reviewing a summary judgment, the lower court and the appellate court use the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. A summary judgment is appropriate only when (1) there is no genuine issue of material fact; (2) reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to judgment as a matter of law. Id.; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; Civ. R. 56(C).

## B. TRIAL COURT'S JUDGMENT ENTRY

{¶ 12} Robson and Oliver first assert that we should remand the trial court's summary-judgment decision because the court failed to offer any explanation for its decision. Their argument is meritless.

{¶ 13} "A trial court is not required to issue a written opinion containing findings of fact and conclusions of law when ruling on a motion for summary judgment. *Tiefel v. Gilligan* (1974), 40 Ohio App.2d 491, 495[, 69 O.O.2d 426], 321 N.E.2d 247. Rather, the trial court need only issue a judgment entry that contains a 'clear and concise pronouncement of the Court's judgment' and 'a sufficient pronouncement of its decision upon which to review the issues raised by appellants' appeal.'" *Powers v. Ferro Corp.*, Cuyahoga App. No. 79383, 2002-Ohio-2612, 2002 WL 1041850, at ¶ 30, quoting *Rogoff v. King* (1993), 91 Ohio App.3d 438, 449, 632 N.E.2d 977; see also *Svette v. Caplinger*, Ross App. No. 06CA2910, 2007-Ohio-664, 2007 WL 490161, at ¶ 34; Civ.R. 52. This is so, at least in part, because of the nature of our review, which is on a de novo basis. Accordingly, we do not need a statement of the trial court's rationale to perform

our function. While it might be helpful and in some cases even persuasive, the lack of an explanation does not impede our own determination.

{¶ 14} Here, the trial court issued a clear and concise pronouncement of its judgment that is sufficient to review the issues raised on appeal, even if the court did not explain its rationale. Consequently, we reject Robson's and Oliver's contention that we should remand the trial court's summary-judgment decision because it failed to articulate a rationale.

## C. NEGLIGENT MISREPRESENTATION OR PROCUREMENT

{¶ 15} We next address Cadd's assertion that Robson and Oliver's complaint states a cause of action for negligent misrepresentation, not procurement.

{¶ 16} Negligent misrepresentation occurs when " '[o]ne who, in the course of his business * * * or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.' " *Delman v. Cleveland Hts.* (1989), 41 Ohio St.3d 1, 4, 534 N.E.2d 835, quoting 3 Restatement of the Law 2d, Torts (1965) 126–127, Section 552(1); see also *Laurent v. Flood Data Serv., Inc.* (2001), 146 Ohio App.3d 392, 400, 766 N.E.2d 221. Liability for negligent misrepresentation may be based on an actor's negligent failure to exercise reasonable care or competence in supplying correct information. *Marasco v. Hopewell,* Franklin App. No. 03AP–1081, 2004-Ohio-6715, 2004 WL 2895973, citing 4 Restatement of the Law 2d, Torts (1977), Section 552, Comment a.

{¶ 17} Here, contrary to Cadd's contention, Robson and Oliver's complaint does not state a claim for negligent misrepresentation. Robson and Oliver alleged in their complaint: "[Cadd] * * * was negligent in that notwithstanding the request by [Oliver] for underinsured motorist coverage, coverage was not bound nor written by and through [Cadd] * * * for underinsured motorist coverage." Their cause of action does not allege that Cadd misrepresented some facet of the policy or made a false statement that the coverage was automatically included, but instead alleges that Cadd did not obtain the coverage Oliver requested. Moreover, throughout the summary-judgment proceedings, Robson and Oliver denied that they alleged a cause of action for negligent misrepresentation and instead argued that the complaint asserted a cause of action for negligent procurement. Thus, Cadd's argument that the complaint alleges negligent misrepresentation is meritless.

### D. NEGLIGENT PROCUREMENT

{¶ 18} Robson and Oliver argue that the trial court improperly determined that Cadd was entitled to summary judgment on their negligent-procurement claim. They contend that genuine issues of material fact remain as to whether Cadd failed to obtain UM/UIM coverage as Oliver allegedly requested. They also dispute Cadd's argument that Oliver's failure to read her policy, which clearly stated that it did not provide UM/UIM coverage, precludes their negligent-procurement claim.

{¶ 19} In *Carpenter v. Scherer–Mountain Ins. Agency* (1999), 135 Ohio App.3d 316, 326, 733 N.E.2d 1196, we briefly discussed a negligent-procurement claim:

> The elements of a negligence claim are (1) the existence of a duty owed by the defendant to the plaintiff, (2) the breach of duty, (3) causation, and (4) damages. *Anderson v. St. Francis–St. George Hosp., Inc.* (1996), 77 Ohio St.3d 82, 84, 671 N.E.2d 225, 227. Whether the defendant owed a duty to the plaintiffs presents us with a legal question that depends upon the foreseeability of the plaintiffs' injury. *Menifee v. Ohio Welding Products* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710. An injury is foreseeable if a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. Id. In the insurance context, an action for negligence may be based upon an insurance agent's failure to procure insurance. *Minor v. Allstate Ins. Co.* (1996), 111 Ohio App.3d 16, 21, 675 N.E.2d 550, 554. An agent will be held liable if, "as a result of his or her negligent failure to perform that obligation [to procure insurance], the other party to the [insurance] contract suffers a loss because of a want of insurance coverage contemplated by the agent's undertaking." Id. If an insurance agent's negligence results in coverage less than that desired by an insured, the agent will be liable for the amount the insured would have received had the correct coverage been in place. Id. See, also, 3 Russ & Segalla, Couch on Insurance 3d (1997), Sections 46:46 and 46:71.

{¶ 20} Here, genuine issues of material fact remain regarding whether Cadd breached its duty to obtain the insurance Oliver requested. Cadd's agent, Charlotte Cox, claims that Oliver decided not to obtain UM/UIM coverage in order to lower her costs. In contrast, Oliver claims that she requested "full coverage," which she apparently thought would include UM/UIM coverage. However, no issue of material fact remains regarding Oliver's failure to read or understand her policy, which clearly did not provide UM/UIM coverage. She had only to look at the declarations page to notice that UM/UIM coverage was not included. Thus, the question becomes whether her failure to read or understand her policy precludes a negligent-procurement claim.

{¶ 21} Some courts have held that an insured's failure to read the insurance policy precludes a negligent-procurement claim as a matter of law. See, e.g., *Craggett v. Adell Ins. Agency* (1993), 92 Ohio App.3d 443, 453, 635 N.E.2d 1326 ("An agent or broker is not liable when a customer's loss is due to the customer's own act or omission"). Others have refused to hold that the insured's failure to read the policy precludes a negligent-procurement claim as a matter of law and instead hold that the issue regarding the insured's failure to read the policy is properly submitted to a jury for a comparative-negligence analysis. See, e.g., *Gerace–Flick v. Westfield Natl. Ins. Co.*, Columbiana App. No. 01CO45, 2002-Ohio-5222, 2002 WL 31168883. We discuss each of these theories in turn.

## 1. CLAIM PRECLUDED AS A MATTER OF LAW

{¶ 22} In *Craggett*, the court held that the insured's failure to inquire about her policies barred a misrepresentation claim. In that case, the insured alleged that the insurance agency made misrepresentations to her that induced her to purchase unnecessary life insurance policies for her sons and grandchildren. In affirming the trial court's entry of summary judgment in the insurer's favor, the appellate court noted that the front cover of each policy clearly indicated its nature. The court thus held that it was "only reasonable to expect that if the policies issued to [the insured] were not what she wanted or expected, she would have contacted [the insurer] to clear up any confusion or cancel the policies. Her retention of the policies without any further communications to [the insurer] is tantamount to acceptance of the policies as issued." Id. at 453, 635 N.E.2d 1326.

{¶ 23} In *First Catholic Slovak Union v. Buckeye Union Ins. Co.* (1986), 27 Ohio App.3d 169, 27 OBR 202, 499 N.E.2d 1303, the court reviewed the trial court's finding that the agency had not negligently failed to provide proper coverage. The court noted that the insured had held, for several years, policies with the same terms as those that were in effect when the loss occurred. The court thus reasoned that the insured could not argue that the policies did not comply with its requests when it had failed to complain about the policies at any time during the previous years.

{¶ 24} In *Fry v. Walters & Peck Agency, Inc.* (2001), 141 Ohio App.3d 303, 750 N.E.2d 1194, the court held that the insureds' failure to read or understand their policy precluded their negligence claim against the insurance agency. In that case, the insureds alleged that the agency failed to use reasonable care by failing to advise them of the existence of a coinsurance clause and by failing to recommend that they increase their coverage to offset the coinsurance. The appellate court observed that the declarations pages for three policy periods all indicated the existence of the coinsurance clause. Moreover, the insureds did not

inquire about the meaning of the clause at any time during the years the clause was in the policy.

{¶ 25} In *Horak v. Nationwide Ins. Co.*, Summit App. No. 23327, 2007-Ohio-3744, 2007 WL 2119861, the court held that the insureds' failure to read their policy precluded their negligent-procurement claim against the insurer. In that case, the insureds did not read the policies or declaration pages. One of the insureds testified that she never looked at the amount of coverage listed on the declaration page, but "just assumed that it would cover the full [amount]." Additionally, neither insured advised the agent that the amount of insurance was inadequate or requested that the agent procure additional insurance for them. The court thus concluded that "[a]ny loss that [the insureds] suffered was due to their own omission in failing to examine their own coverage" and that neither the agent nor the insurer could be liable. Id. at ¶ 63; see also *Bailey v. Progressive Ins. Co.*, Huron App. No. H–03–043, 2004-Ohio-4853, 2004 WL 2036220 (finding agent not liable when insured failed to read policy).

## 2. CLAIM EVALUATED UNDER COMPARATIVE NEGLIGENCE PRINCIPLES

{¶ 26} In *Gerace–Flick v. Westfield Natl. Ins. Co.*, Columbiana App. No. 01CO45, 2002-Ohio-5222, 2002 WL 31168883, the court recognized the principle that the insured possesses a duty to know the contents of his or her policy, but determined that an insured's "failure to read the policy is typically the subject of a comparative negligence defense which is generally addressed at trial and not on a motion for summary judgment." Id. at ¶ 67, citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 681, 693 N.E.2d 271 (stating that the question as to whether plaintiffs' contributory negligence is the proximate cause of his injury is an issue of fact for the jury to decide pursuant to the comparative-negligence provisions of R.C. 2315); *Collier v. Northland Swim Club* (1987), 35 Ohio App.3d 35, 39, 518 N.E.2d 1226 (stating that contributory negligence is generally an issue of fact unless the evidence shows that plaintiff's negligence was so extreme as a matter of law that no reasonable person could conclude that plaintiff was entitled to recover). In *Gerace–Flick*, the appellants alleged that the agent negligently failed to procure adequate coverage. The appellate court recognized the insured's failure to read the policy, but determined that this failure was to be decided under comparative-negligence principles. See also *Nichols v. Progressive Ins. Co.*, Franklin App. No. 01AP–899, 2002-Ohio-3058, 2002 WL 1311859, at ¶ 50 ("The Nichols are not barred by law from recovery because they had not read their renewal policy and because they did not question their coverage before the loss. Those facts, while relevant to the question of comparative negligence, do not negate the presence of a prima facie case of negligence").

{¶ 27} Similarly, in *Bedillion v. Tri–Cty. Ins. Agency* (Feb. 3, 1993), Summit App. No. 15722, 1993 WL 27381, the court held that the insureds' failure to read their policy did not preclude their negligence claim against the insurance agency. In that case, the owners of a beer and wine drive-thru purportedly requested "full coverage," including liquor liability coverage, but never read their policy or questioned their coverage before loss. The insurance agents denied any such discussion, and the matter was tried to a jury, which found the plaintiffs 40 percent negligent and the insurance agent and agency 60 percent negligent. On appeal, the agency asserted that because the insureds failed to read their policy and because they failed to complain about their coverage until after the loss, the trial court should have granted them either summary judgment or a directed verdict. The appellate court disagreed. The court explained:

> The Bedillions apparently had no business or insurance expertise and asked both insurance agents to arrange for "full coverage." The Bedillions testified that the Wadsworth Beverage Center had a reputation for selling alcoholic beverages to minors and that, as teachers, they were concerned about preventing such sales. The Bedillions also testified that they discussed their concerns about liability arising out of the sale of alcoholic beverages to minors. Both the Nationwide agent and Raw denied any such discussion. With testimony coming down on both sides of the issue and with the definition of "full coverage" open to interpretation, the record indicates that there were a number of material facts at issue and that reasonable minds might differ as to whether the insurance agent breached his duty of care. Given the disparity in testimony the trial court properly denied the motion for summary judgment and permitted the jury to determine the credibility issues. Civ.R. 56(C). See, also, *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327[, 4 O.O.3d 466, 364 N.E.2d 267].

> Construing the evidence most strongly in favor of the non-moving party, this court cannot say that reasonable minds could come to one conclusion on the evidence submitted. See *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282[, 21 O.O.3d 177, 423 N.E.2d 467]. The Bedillions were not barred by law from recovery because they had not read the policy and because they did not question their coverage before the loss. Those facts were properly considered by the jury when it weighed the comparative negligence of the parties.

### 3. COMPARATIVE NEGLIGENCE

{¶ 28} We adopt the rationale used in *Gerace–Flick*, Columbiana App. No. 01 CO 45, 2002-Ohio-5222, 2002 WL 31168883, that the insured's failure to read the policy is a matter of comparative negligence reserved to the trier of fact. Ordinarily, " '[i]ssues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion.'

[*Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 646, 597 N.E.2d 504].
'Although issues of contributory and comparative negligence are usually deter-
mined by the trier of fact, " 'summary judgment may be appropriate under the
comparative negligence statute where, after construing the evidence most strong-
ly in plaintiff's favor, a reasonable person could only conclude that plaintiff's
negligence was greater than the negligence of defendant.' " ' *Scassa v. Dye,*
Carroll App. No. 02CA0779, 2003-Ohio-3480[, 2003 WL 21500292], at ¶ 72, quoting
*Collier v. Northland Swim Club* (1987), 35 Ohio App.3d 35, 39, 518 N.E.2d 1226.
Thus, a trial court may grant a defendant summary judgment when the court
determines, as a matter of law, that the plaintiff's own negligence outweighed any
negligence of the defendant. See *Gross v. Werling* (Sept. 30, 1999), Auglaize
[Seneca] App. No. 2–99–06[, 1999 WL 1015072]. As we explained in *Earles v.
Smith* (July 6, 2000), Lawrence App. No. 99CA28[, 2000 WL 977896]: '[W]eighing
the respective negligence of a plaintiff and a defendant is a difficult task and
should generally be within the province of a jury. However, if a defendant is not
negligent or if the plaintiff's negligence clearly outweighs any negligence of the
defendant * * *, the granting of a summary judgment is entirely appropriate.' "
*Deem v. Columbus S. Power Co.,* Meigs App. No. 07CA6, 2007-Ohio-4404, 2007
WL 2421409, at ¶ 12.

■■ {¶ 29} Contributory negligence is defined as "any want of ordinary care
on the part of the person injured, which combined and concurred with the
defendant's negligence and contributed to the injury as a proximate cause
thereof, and as an element without which the injury would not have occurred."
*Brinkmoeller v. Wilson* (1975), 41 Ohio St.2d 223, 226, 70 O.O.2d 424, 325 N.E.2d
233. In the insurance context, the insured has a duty to examine the policy,
know the extent of its coverage, and notify the agent if the coverage is
inadequate. See *Island House Inn, Inc. v. State Auto Ins. Cos.,* 150 Ohio App.3d
522, 2002-Ohio-7107, 782 N.E.2d 156; see also *Rose v. Landen,* Warren App. No.
CA2004–06–066, 2005-Ohio-1623, 2005 WL 752431.

■■ {¶ 30} In this case, Oliver indisputably failed, for over two years, to
notice that her policy did not contain UM/UIM coverage. Her failure to read the
policy constituted a lack of ordinary care that combined with Cadd's alleged
negligence and contributed to her injury. Thus, Oliver was contributorily
negligent. However, we cannot state that Oliver's negligence in failing to read
the insurance policy far outweighed any negligence on Cadd's part in failing to
obtain the requested insurance. Consequently, the trial court improperly entered
summary judgment in Cadd's favor on the negligent-procurement claim. Genu-
ine issues of material fact remain for trial, namely, whether Oliver's negligence in
failing to read her policy outweighs Cadd's negligence in failing to obtain the
requested coverage.

{¶ 31} However, we affirm the trial court's entry of summary judgment as it relates to Robson. As we discussed above, a plaintiff asserting a negligent procurement of insurance coverage claim must establish that the insurance agency owed the plaintiff a duty. An insurance agency has a duty to obtain the coverage its insured requests. See *Carpenter*, 135 Ohio App.3d 316, 733 N.E.2d 1196. Robson was not the named insured, did not have any discussions with Cadd regarding insurance coverage, and did not request Cadd to procure insurance coverage. Nor is there any evidence in the record indicating that Oliver put Cadd on notice that she purportedly wanted to procure the insurance for Robson's benefit. See, by comparison, *Minor v. Allstate Ins. Co.* (1996), 111 Ohio App.3d 16, 675 N.E.2d 550, cited by the dissent, in which the mother and daughter both testified that they informed the agent that the daughter was to be a beneficiary of the policy. Thus, Robson cannot show that Cadd owed him a duty to procure the requested coverage. See, generally, *Lu-An-Do, Inc. v. Kloots* (1999), 131 Ohio App.3d 71, 721 N.E.2d 507 (holding that insurance certificate holder could not maintain negligence action against insurer when certificate holder was not insurer's customer, did not discuss insurance coverage with insurer, and did not make any specific request to procure insurance coverage); *Kungle v. Equitable Gen. Ins. Co.* (1985), 27 Ohio App.3d 203, 27 OBR 242, 500 N.E.2d 343 (determining that ex-husband could not maintain negligence action against ex-wife's insurer for failing to include him as a named insured on homeowner's policy). Thus, we affirm the trial court's judgment as it relates to Robson.

## E. REMAINING ARGUMENTS

{¶ 32} Our disposition of Robson and Oliver's first assignment of error renders the parties' remaining arguments moot. Therefore, we do not address them. See App.R. 12(A)(1)(c).

{¶ 33} Accordingly, we sustain Robson and Oliver's assignment of error in part and overrule it in part. We reverse the trial court's judgment in part and affirm it in part, and we remand this matter for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

KLINE, J., concurs in part and dissents in part.

MCFARLAND, J., concurs.

KLINE, Judge, dissenting in part.

{¶ 34} I respectfully dissent insofar as the majority affirms summary judgment against Robson on the claim of negligent procurement. In my view, there may be an issue of whether Cadd owed Robson a duty of care to procure insurance coverage. See *Lu–An–Do, Inc. v. Kloots* (1999), 131 Ohio App.3d 71, 76, 721 N.E.2d 507 (holding that insurance agents owe no duty to procure coverage for persons with no written or oral agreement with the agent to procure coverage or who have never contacted the agent about insurance coverage); but, see, *Minor v. Allstate Ins. Co.* (1996), 111 Ohio App.3d 16, 21, 675 N.E.2d 550 (finding that an agent owed a duty to procure insurance coverage for a third-party beneficiary of the insurance policy). However, neither party addressed the duty of care owed to Robson, or lack thereof, in the trial court or in this court.

{¶ 35} Because a trial court "is not permitted to base its decision to grant summary judgment upon an argument which was not asserted in the summary judgment motion," we must assume that the trial court did not base its grant of summary judgment against Robson on such grounds. *Murray v. Grange Mut. Cas. Co.,* Stark App. No. 2003CA00047, 2003-Ohio-3365, 2003 WL 21472649, ¶ 7, citing *Battin v. Trumbull Cty.,* 11th App. No. 2000–T–0047, 2002-Ohio-5162, 2002 WL 31160572; *Butler v. Harper,* 9th App. No. 21051, 2002-Ohio-5029, 2002 WL 31114898; *Hollinghead v. Bey* (Jul. 21, 2000), 6th Dist. No. L–99–1351, 2000 WL 1005205. Further, although appellate courts must sustain judgments if correct, even if a trial court enters a judgment for an erroneous reason, such rule does not apply to summary judgment proceedings, because "appellate courts do not address issues that were not addressed by the trial court." *Murray* at ¶ 8–9.

{¶ 36} Thus, although summary judgment against Robson on the negligent procurement claim may ultimately be appropriate if Cadd owed no duty of care to Robson, I believe that the parties should be given the opportunity to present arguments and evidence on this issue and allow the trial court to address this issue first.

{¶ 37} Accordingly, I dissent with regard to the majority's conclusion that summary judgment in favor of Cadd and against Robson is appropriate at this time.