[Cite as *Shafer v. Newman Ins. Agency*, 2013-Ohio-885.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| Tommy Lee Shafer, et al., | : | Case No. 12CA11 |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| Russ Newman Insurance Agency, et al., | : | |
| | : | |
| Defendants-Appellees. | : | **RELEASED 02/22/13** |

_____
APPEARANCES:

Tommy Lee Shafer, Lancaster, Ohio, pro se appellant.[1]

Joyce V. Kimbler, Akron, Ohio for appellees.
_____
Harsha, J.

{¶1}    Tommy Shafer appeals the trial court's decision to grant Russ Newman
Insurance Agency and Nationwide Property and Casualty Insurance Company summary
judgment on his claims against them.  Tommy and his now-deceased father, Maynard,
alleged that they were entitled to compensation for stolen tools under a tenant
insurance policy issued to Maynard by Nationwide and obtained through Russ Newman.
The Appellees filed a motion for summary judgment in which they alleged that the
Shafers' claims were barred because they failed to immediately notify them and police
of the alleged theft and failed to file suit within one year after the date of loss as required
by the policy.  The Appellees argued that:  1.) the tools were allegedly stolen on
September 3, 2010; 2.) the Shafers did not notify them or police of the theft until months
later; and 3.) the Shafers did not file suit against the Appellees until January 12, 2012.
The trial court granted the motion without opinion.

_____
[1] Maynard Shafer, the other plaintiff at the trial level, is now deceased.

{¶2}    Shafer contends that he did not learn about the theft until February 2011. He argues that he complied with the policy because he gave the proper notifications immediately after he discovered the loss.  Shafer also claims that he should have one year from the time he learned of the loss to file suit against the Appellees.  However, Shafer submitted no summary judgment evidence on when he discovered the loss. Moreover, the unambiguous policy language states that an action must be "started within one year after the date of loss," not within one year after the claimant *discovers* the loss.  The Appellees submitted evidence that the alleged theft occurred on September 3, 2010.  However, Shafer did not file his complaint until January 12, 2012 – more than one year after the date of loss.  Thus, no genuine issue of material fact exists and the Appellees were entitled to judgment as a matter of law.  This decision renders moot Shafer's claim that he satisfied the policy's notification requirements.  Accordingly, we affirm the trial court's judgment.

I.  Facts

{¶3}    Maynard Shafer obtained a tenant insurance policy with Nationwide through the Russ Newman Insurance Agency for the premises at 689 Foster Street, Franklin, Ohio.  On January 12, 2012, Tommy and Maynard filed suit against Nationwide and the Russ Newman Insurance Agency alleging that on or about September 3, 2010, Tommy's tools were stolen from 689 Foster Street.  They also claimed that the insurance policy covered the "loss of a minimum of $3,850.00 worth of tools" but the defendants refused to cover the loss.

{¶4}    The defendants filed a motion for summary judgment arguing that the Shafers violated the terms of the policy in certain respects and were not entitled to

compensation under it.  They claimed that the Shafers failed to:  1.) give them

"immediate notice" of the claimed loss; 2.) give police "immediate notice" of the alleged

theft; and 3.) file suit within one year after the date of loss.  The defendants argued that

the alleged loss occurred on September 3, 2010.  However, they claimed that Tommy

Shafer did not notify them or the police of the theft until several months later, and the

Shafers did not file suit until January 12, 2012.  The defendants supported their claims

with the affidavit of Russ Newman and attached documentation.  In response, Shafer

argued that various issues of material fact existed.  He suggested that he did not find

out about the theft until sometime after September 3, 2010, but submitted no evidence

as to when he actually learned of the theft.  The trial court granted the motion for

summary judgment without opinion.  This appeal followed.

## II.  Assignment of Error

{¶5}   Shafer assigns one error for our review:  "THE TRIAL COURT ERRED IN

GRANTING SUMMARY JUDGMENT TO DEFENDANT AS THERE EXISTED A

GENUINE ISSUE OF MATERIAL FACT IN THAT THERE EXIST FACTUAL

QUESTION AS TO WHAT CONSTITUTES A REASONABLE TIME FOR A POLICY

HOLDER OR CLAIMANT TO FILE A CLAIM UNDER DEFENDANT'S INSURANCE

POLICY."

## III.  Standard of Review

{¶6}   When reviewing a trial court's decision on a motion for summary

judgment, we conduct a de novo review governed by the standard set forth in Civ.R. 56.

*Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.  Summary

judgment is appropriate when the movant has established: 1.) there is no genuine issue

of material fact; 2.) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor; and 3.) the moving party is entitled to judgment as a matter of law. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). *See* Civ.R. 56(C).

{¶7}   The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate the non-moving party has no evidence to support the non-moving party's claims. Civ.R. 56(C). *See Hansen v. Wal–Mart Stores, Inc.*, 4th Dist. No. 07CA2990, 2008-Ohio-2477, ¶ 8. Once the movant supports the motion with appropriate evidentiary materials, the non-moving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." *Id.*

IV.  Summary Judgment was Appropriate in this Case

{¶8}   The trial court granted the Appellees' motion for summary judgment without opinion. " 'A trial court is not required to issue a written opinion containing findings of fact and conclusions of law when ruling on a motion for summary judgment.'

" *Robson v. Quentin E. Cadd Agency*, 179 Ohio App.3d 298, 2008-Ohio-5909, 901 N.E.2d 835, ¶ 13 (4th Dist.), quoting *Powers v. Ferro Corp.*, 8th Dist. No. 79383, 2002-Ohio-2612, ¶ 30. The court "need only issue a judgment entry that contains a 'clear and concise pronouncement of the [c]ourt's judgment' and 'a sufficient pronouncement of its decision upon which to review the issues raised by appellants' appeal.' " *Id.*, quoting *Powers* at ¶ 30. "This is so, at least in part, because of the nature of our review, which is on a de novo basis. Accordingly, we do not need a statement of the trial court's rationale to perform our function. While it might be helpful and in some cases even persuasive, the lack of an explanation does not impede our own determination." *Id.* Here, the trial court issued a clear and concise pronouncement of its judgment that is sufficient to review the issues raised on appeal, even if the court did not explain its rationale.

{¶9} In their motion for summary judgment, the Appellees claimed that the Shafers were not entitled to compensation under the insurance contract because they did not: 1.) give them "immediate notice" of the claimed loss; 2.) give police "immediate notice" of the alleged theft; and 3.) file suit within one year after the date of loss. In his appellate brief, Shafer focuses on the first two arguments; in his reply brief, he also addresses the third argument. Because it is dispositive of this appeal, we initially address the third argument, regarding the time to file suit.

{¶10} The interpretation of a written contract, such as an insurance policy, is a matter of law we review de novo. *See Dial v. Ostrander*, 4th Dist. No. 03CA14, 2003-Ohio-5117, ¶ 12. In construing a written instrument, the primary and paramount objective is to ascertain the intent of the parties so as to give effect to that intent.

*Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989).  Courts must give common words their ordinary meaning unless manifest absurdity would result or some other meaning is clearly evidenced from the face or overall contents of the written instrument.  *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St.3d 605, 2004-Ohio-7104, 821 N.E.2d 159, ¶ 29.  "If a contract is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations; instead, the court must give effect to the agreement's express terms."  *Uebelacker v. Cincom Sys., Inc.*, 48 Ohio App.3d 268, 271, 549 N.E.2d 1210 (1st Dist.1988).

{¶11}  When Nationwide issued the policy and the alleged breach of that contract occurred, R.C. 2305.06 provided that an action on a written contract "shall be brought within fifteen years after the cause thereof accrued."[2]  Generally, "'in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one.'"  *Miller v. Progressive Cas. Ins. Co.*, 69 Ohio St.3d 619, 624, 635 N.E.2d 317 (1994), quoting *Colvin v. Globe Am. Cas. Co.*, 69 Ohio St.2d 293, 295, 432 N.E.2d 167 (1982), *overruled on other grounds by Miller*.  "To reduce the time for suit provided by a statute of limitations, an insurance policy must be written in terms that are clear and unambiguous to the policyholder."  *Lane v. Grange Mut. Cos.*, 45 Ohio St.3d 63, 543 N.E.2d 488 (1989), syllabus.

---

[2] The statute was amended, effective September 28, 2012, to provide that an action on a written contract "shall be brought within eight years after the cause of action accrued."

{¶12} The portion of the policy titled "Section I – CONDITIONS" states:  "**8.  Suit Against Us.**  No action can be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage."  The parties dispute the meaning of this provision.  The Appellees argue that under this provision, the Shafers had to file suit within one year of September 3, 2010, the date of the alleged theft.  Shafer argues that he did not learn about the theft until February 2011 for various reasons, so he should have one year from the date he discovered the theft to file suit.

{¶13} However, it is clear from the policy language that a lawsuit must be "started within one year after the date of loss," not within one year after the claimant *discovers* the loss.  *See Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, ¶ 4, 8 (interpreting provision in insurance policy that stated "**Suit Against Us.**  No action can be brought against us unless there has been full compliance with the policy provisions.  Any action must be started within one year after the date of loss or damage" to mean any lawsuit by an insured against the insurer had to be commenced within one year of the loss or damage sustained).  The Appellees offered undisputed evidence that the date of loss, i.e., the date the alleged theft occurred, was September 3, 2010.  It is also undisputed that the Shafers did not file their complaint, i.e., they did not start this action, until January 12, 2012.  Therefore, the Shafers' suit is untimely under the unambiguous language of the policy.

{¶14} Shafer suggests the limitation of action provision is unreasonable because he did not learn of the alleged theft for several months because he was incarcerated. He argues that Maynard Shafer did not learn of the loss until later because illness

prevented him from going into the garage where the tools were stored. Shafer complains that no one could file suit within one year of a loss or theft if he did not have personal knowledge of the incident until "well over one (1) year from the date of the loss and theft[.]" (Reply Br. 2). However, Shafer submitted no summary judgment evidence to support his claims. Even if we accepted as true his claim that he learned of the theft in February 2011, that time was still at least six months before the one-year time to file suit expired.

{¶15} Ohio courts have upheld one-year limitation of action clauses in insurance policies as reasonable. *Mastellone v. Lightning Rod Mut. Ins. Co.*, 175 Ohio App.3d 23, 2008-Ohio-311, 884 N.E.2d 1130, ¶ 47 (8th Dist.); *Figetakis v. Owners Ins. Co.*, 9th Dist. No. 22874, 2006-Ohio-918, ¶ 17. In *Miller*, the Supreme Court of Ohio did hold that a contractual one-year limitation period for filing UM/UIM claims, when Ohio's statute of limitations for bodily injury in R.C. 2305.10 was two years, was unreasonable and void as against the public policy behind former R.C. 3937.18 because it effectively deprived the insureds of statutorily mandated coverage. *Miller*, 69 Ohio St.3d at 624, 635 N.E.2d 317. However, Shafer does not cite any public policy that would conflict with the one-year time limit in this case. Nor does he offer any other argument as to how the time-limit is unreasonable. Thus, we find that the one-year limitation of action provision is reasonable.

{¶16} Because the Shafers failed to comply with the policy when they filed this lawsuit more than one year after the alleged date of loss, no genuine issues of material fact exist and the Appellees were entitled to judgment as a matter of law. This decision renders moot Shafer's additional argument that he complied with the notice provisions

under the policy.  Accordingly, we overrule the sole assignment of error and affirm the

trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

McFarland, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**