[Cite as *B&T Business Ventures v. Disi Bros. Land, L.L.C.*, 2022-Ohio-2113.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| B&T BUSINESS VENTURES, | : | APPEAL NO. C-210477 |
| DALJIT SINGH, | : | TRIAL NO. A-2003999 |
| and | : | *O P I N I O N.* |
| TAMINDER SINGH, | : | |
| Plaintiffs-Appellants, | : | |
| and | : | |
| SATPARM, LLC, | : | |
| KARMA EXPRESS, LLC, | : | |
| Plaintiffs, | : | |
| vs. | : | |
| DISI BROTHERS LAND, LLC, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| KENTUCKY DEAL HOLDIGS, LLC, | : | |
| GHASSAN ABU-HILAL, | : | |
| STOP N SHOP, LLC, | : | |
| RAVINGER SINGH, | : | |
| INDERJEET MANN, | : | |
| HARPREET SINGH, | : | |
| and | : | |

PINKI SINGH,                          :

    Defendants.                     :

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 22, 2022

*Cohen, Todd, Kite & Standford, LLC*, and *Nicolas Zuccarelli,* for Plaintiffs-Appellants,

*Stagnaro Saba & Patterson Co.* and *Christopher R. Jones*, for Defendant-Appellee.

**Bock, Judge.**

{¶1} Plaintiffs-appellants B&T Business Ventures, Taminder Singh, and Daljit Singh (collectively, "B&T") appeal the trial court's entry of summary judgment in favor of defendant-appellee Disi Brothers Land, LLC, ("Disi").[1]

## Relevant Facts and Procedural History

{¶2} Disi owned real property located at 2785 Struble Road, Cincinnati, Ohio ("property"). It leased the property, along with the convenience store and gas station located on the property, to Kentucky Deal Holdings ("KDH").

{¶3} In 2016, KDH subleased the property to B&T under a lease-to-own agreement ("agreement"). B&T had the option to purchase the property by March 1, 2019. Disi was not a party to this agreement.

{¶4} In November 2020, B&T sued Disi, seeking a declaratory judgment, to quiet title to the property, and for unjust enrichment, constructive trust, and agency. The complaint alleged that B&T had discovered that the convenience store's underground petroleum containers were leaking after it had taken possession of the property, causing it to spend thousands of dollars on repairs. Then, in June 2019, the store caught fire, leaving it inoperable. B&T alleged that, although the agreement excused it from paying rent during the period of inoperability, B&T continued to pay rent from June 2019 through January 2020. B&T's insurer paid approximately $100,000 in repairs.

{¶5} B&T alleged that it had been waiting for the county to complete a building inspection when KDH posted a notice of eviction in May 2020. Further, KDH

---

[1] Although B&T's complaint names other defendants, this appeal only involves Disi.

3

allegedly prevented B&T from retrieving its inventory from inside the store. B&T asked the court to declare it the owner of the property and sought other legal and equitable relief. B&T's complaint did not assert that it had entered into an oral contract involving the property.

{¶6}     Disi sought discovery from B&T. Despite the fact that B&T did not allege an oral agreement in the complaint, it stated in an answer to a request for admission that the parties had entered into an oral agreement whereby KDH had represented to B&T that, if B&T continued making monthly payments for 15 years, it would become the property's owner.

{¶7}     In June 2021, B&T's counsel withdrew from representation. About three weeks later, Disi moved for summary judgment, attaching the lease, affidavits, the deed to the property, and B&T's discovery responses. Disi argued that it was the sole owner of the property, it was not a party to the agreement, B&T failed to exercise the agreement's purchase option, Disi was not enriched as B&T never paid rent or any other money to Disi, the statute of frauds barred any alleged verbal agreement that B&T claimed existed, and that constructive trust and agency claims are barred because they are remedies versus causes of action. B&T did not oppose the motion.

{¶8}     Approximately five weeks after Disi moved for summary judgment, the trial court granted Disi's motion. The court stated that the matter came before the court on Disi's motion, which was unopposed, and, "[u]pon duly considering the matter" and "for good cause shown," it granted judgment in Disi's favor.

**Law and Analysis**

{¶9}     We conduct a de novo review of summary-judgment decisions. *Holloman v. Permanent Gen. Assur. Corp.*, 1st Dist. Hamilton No. C-180692, 2019-

4

Ohio-5077, ¶ 8. Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that "(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *Id.* at ¶ 7, quoting *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9.

<u>The trial court's judgment was based upon its consideration of the matter</u>

{¶10}  B&T's first assignment of error asserts that the trial court improperly granted summary judgment based on the motion being unopposed.

{¶11}  Civ.R. 56(E) states that when a motion for summary judgment is appropriately made:

> [A]n adverse party may not rest upon the mere allegations or denials *
> * * but the party's response, by affidavit or as otherwise provided in this
> rule, must set forth specific facts showing that there is a genuine issue
> for trial. If the party does not so respond, summary judgment, if
> appropriate, shall be entered against the party.

{¶12}  A moving party meets its initial burden by informing the trial court of the basis for the motion and identifying the portions of the record that demonstrate that there is an absence of evidence to support the nonmoving party's case. *First Fin. Bank, N.A. v. Mandenhall*, 2017-Ohio-7628, 84 N.E.3d 1113, ¶ 6 (1st Dist.).

{¶13}  B&T asserts that "the trial court did not discuss the applicable law, the facts, or whether [Disi] had presented sufficient evidence to meet the summary

judgment standard. Instead, the court addressed only the fact that [B&T] did not file an opposition * * * and rendered judgment on those grounds."

{¶14} But the trial court clearly stated that it had "duly consider[ed] the matter." Further, it stated that "for good cause shown," it was granting Disi's motion. And a trial court may grant summary judgment without explanation. *Robson v. Quentin E. Cadd Agency*, 179 Ohio App.3d 298, 2008-Ohio-5909, 901 N.E.2d 835 (4th Dist.). In *Robson*, the trial court's decision read, in its entirety: "Upon motion and for good cause shown, the Court grants the motion * * * for summary judgment and dismisses all claims of the plaintiffs. The Court finds there is no just cause for delay." *Id*. at ¶ 7. The reviewing court held that the trial court need only issue a judgment entry that contains a "clear and concise pronouncement of the Court's judgment" and "a sufficient pronouncement of its decision upon which to review the issues raised by appellants' appeal." (Citations omitted.) *Id*.

{¶15} The trial court's entry contained a clear pronouncement of the court's decision. The trial court did not err by not providing an analysis.

{¶16} B&T also asserts that had the trial court reviewed Disi's motion, it would have found that it did not meet Civ.R. 56(C)'s burden of proof. But it does not offer an argument in support of this assertion—only a conclusory statement that Disi failed to present evidence in support of its motion.

{¶17} B&T's first assignment of error is overruled.

The trial court's judgment was timely

{¶18} In its fourth assignment of error, B&T asserts that the trial court's judgment was premature because it was before the close of discovery and denied B&T the opportunity to oppose the motion.

{**¶19**} In *Thomas v. Cranley*, 1st Dist. Hamilton No. C-010096, 2001 Ohio App. LEXIS 4853, *13-14 (Nov. 2, 2001), this court held that the trial court correctly granted summary judgment in favor of two defendants, despite the plaintiffs' assertion that further discovery was needed because plaintiffs had "not filed any motions to compel discovery in this matter, nor [had] they complied with Civ.R. 56(F)." When a party cannot respond to a summary judgment motion due to inadequate discovery, it must file a Civ.R. 56(F) affidavit delineating its reasons or waive any challenge to the adequacy of discovery on appeal. *Id.* at *14.

{**¶20**} The record does not reflect that B&T served discovery requests on Disi. And it failed to file a Civ.R. 56(F) motion and affidavit. Thus, it waived any challenges to the adequacy of discovery on appeal.

{**¶21**} B&T contends that it could not file any motions because it did not have counsel and its nonattorney members could not file on its behalf. B&T's counsel withdrew based on communications breaking down and an unreasonable burden on counsel. As such, the withdrawal of B&T's counsel and its failure to retain new counsel were based on B&T's own actions, not those of the trial court. *See State ex rel. Dann v. Meadowlake Corp.*, 5th Dist. Stark No. 2006 CA 00252, 2007-Ohio-6798, ¶ 40. The trial court was not required to wait until B&T secured new counsel to move forward with this lawsuit. B&T's fourth assignment of error is overruled.

<u>B&T had no interest in the property</u>

{**¶22**} B&T's second assignment of error asserts that the trial court improperly concluded that Disi was entitled to judgment on B&T's quiet-title action and declaratory-judgment claims. It argues that Disi's summary-judgment motion failed to address title to the property.

7

**{¶23}** First, as Disi pointed out in its summary-judgment motion, B&T's complaint alleges that Disi owns the property.

**{¶24}** Second, R.C. 1335.04 provides that any interest in land may only be assigned in writing or "by act and operation of law." Disi argued in its summary-judgment motion that B&T had no standing as to the quiet-title action as B&T did not exercise the purchase option before March 2019 or otherwise create an interest in the property. The evidence Disi produced met its burden to show it was entitled to summary judgment. And B&T failed to produce evidence to rebut this evidence.

**{¶25}** Third, B&T's argument that the parties made an oral agreement, under which it would gain title to the property after making payments for 15 years, also fails. The purported oral agreement was not alleged in the complaint. Moreover, the only references to the oral agreement in the summary-judgment motion stated that KDH made representations to B&T, not Disi.

**{¶26}** Finally, oral contracts involving real property are prohibited by the statute of frauds. B&T failed to argue below that it was entitled to an exception to the statute of frauds. Failure to raise an argument in response to a summary-judgment motion waives that argument for purposes of appellate review. *U.S. Specialty Ins. Co. v. Hoffman*, 10th Dist. Franklin Nos. 19AP-189 and 19AP-855, 2020-Ohio-4114, ¶ 20; *see Shutway v. Chesapeake Exploration, LLC*, 2019-Ohio-1233, 134 N.E.3d 721, ¶ 57 (7th Dist.), quoting *Whitson v. One Stop Rental Tool & Party*, 2017-Ohio-418, 84 N.E.3d 84, ¶ 18 (12th Dist.) ("Appellate courts review summary judgment decisions de novo but the parties are not given a second chance to raise arguments that they should have raised below."). As B&T did not raise any argument involving exceptions to the statute of frauds below, we will not entertain it now.

**{¶27}** B&T's second assignment of error is overruled.

<u>B&T did not confer any benefit on Disi</u>

**{¶28}** B&T's third assignment of error asserts that the trial court improperly granted summary judgment to Disi on B&T's unjust-enrichment claim. The doctrine of unjust enrichment allows a party to "recover the reasonable value for its services rendered in the absence of an express contract if denying recovery would unjustly enrich the opposing party." *Gilman v. Physna, LLC*, 1st Dist. Hamilton No. C-200457, 2021-Ohio-3575, quoting *Deffren v. Johnson*, 2021-Ohio-817, 169 N.E.3d 370, ¶ 10 (1st Dist.). To recover under a theory of unjust enrichment, B&T must show that (1) it conferred a benefit to Disi, (2) Disi knew of that benefit, and (3) Disi retaining that benefit without paying B&T would be unjust. *Id.*

**{¶29}** The record reflects that Disi was not a party to the agreement between KDH and B&T. Disi denied that it had ever received rents or any other financial benefit from B&T. B&T failed to rebut Disi's assertion. Accordingly, the trial court properly granted summary judgment in Disi's favor. B&T's third assignment of error is overruled.

## Conclusion

**{¶30}** Disi met its Civ.R. 56 burden of proof and B&T failed to respond when the burden shifted. The trial court properly granted summary judgment in favor of Disi. We affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion