[Cite as *Moor v. Am. Family Ins. Co.*, 2009-Ohio-4442.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### DEFIANCE COUNTY

CHARISSA MOOR, ET AL.,

    PLAINTIFFS-APPELLANTS,        CASE NO. 4-09-13

    v.

AMERICAN FAMILY           O P I N I O N
INSURANCE CO., ET AL.,

    DEFENDANTS-APPELLEES.

**Appeal from Defiance County Common Pleas Court**
**Trial Court No. 07-CV-38934**

**Judgment Affirmed**

**Date of Decision:    August 31, 2009**

APPEARANCES:

    *Robert P. Rutter* for Appellants

    *Raymond H. Pittmam, III* for Appellees

Case No. 4-09-13

**SHAW, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶2} Plaintiffs-Appellants Charissa Moor ("Moor") and Curtis Miller ("Miller") appeal from the April 16, 2009 Judgment Entry of the Court of Common Pleas of Defiance County, Ohio granting summary judgment in favor of Defendants-Appellees Greg Newton ("Newton") and American Family Insurance Company ("American Family").

{¶3} This matter stems from a fire occurring at the home of Moor and Miller, located at 929 Haver Drive in Hicksville, Ohio, on December 4, 2006. The home was originally purchased by Moor in May 2005 for $78,100.00. Apparently, after Moor purchased the home it was insured by Allstate for one month subsequent to Moor's purchase. After one month with Allstate, Moor contacted Newton and purchased an insurance policy with the Ohio Fair Plan for the span of one year in the amount of $80,000.[1]

---

[1] Moor was originally insured with Allstate Insurance Company. However, because of the poor condition of the roof on the property, Allstate would not insure Moor. Moor was then insured under the Ohio Fair Plan. During her period of insurance with the Ohio Fair Plan, Moor had work done on the roof that enabled her to seek private insurance coverage.

{¶4} In June 2006 Moor elected to purchase homeowner's insurance with American Family.[2] The testimony indicates that at the time Moor purchased the American Family policy, she was advised that her prior policy limit did not adequately cover the replacement cost of her home. Newton's office assistance Angela Walkup ("Walkup") advised Moor that the replacement value of her home was estimated at $97,900.00. Despite this advisement, Walkup stated that Moor chose to insure the home for an amount closer to the purchase price - $82,000. According to Walkup, Moor was aware that she was opting for less than the advised amount of coverage.

{¶5} The home at 929 Haver Drive was severely damaged in the December 4, 2006 fire. The damage to the home was estimated at $79,374.00. American Family paid Moor $88,560.00 under the policy.

{¶6} On November 29, 2007 Moor and Miller filed a complaint alleging that they were underinsured due to the negligence of Newton and American Family; requesting reformation of the contract due to mutual mistake to a higher policy limit; and alleging a breach of contract by American Family. Newton and American Family filed an answer on January 25, 2008.

{¶7} American Family and Newton moved for summary judgment on September 15, 2008 arguing that Moor was aware of the amount of the policy she

---

[2] The American Family policy names Moor and Miller as jointly insured in the home located at 929 Haver Road. This Court also notes that Moor and Miller have subsequently married.

purchased, and even after being otherwise advised, opted for less coverage than the replacement value of the home.

{¶8} On November 19, 2008 Moor and Miller filed their brief in opposition. American Family and Newton filed a reply brief on December 11, 2008.

{¶9} On April 16, 2009 the trial court granted summary judgment in favor of American Family and Newton.

{¶10} Moor and Miller now appeal, asserting one assignment of error.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS SINCE THERE IS CONFLICTING EVIDENCE AS TO WHETHER GREG NEWTON AND HIS OFFICE MANAGER, ANGELA WALKUP, FULFILLED THEIR DUTIES AS INSURANCE AGENTS TO (1) EXPLAIN TO CHARISSA THE DIFFERENT COVERAGES AVAILABLE, (2) EXPLAIN TO CHARISSA THE DIFFERENCE BETWEEN REPLACEMENT COST COVERAGE AND ACTUAL CASH VALUE COVERAGE, (3) ACCURATELY MEASURE CHRISSA'S [SIC] HOUSE, (4) ACCURATELY CALCULATE THE REPLACEMENT COST OF THE HOUSE, AND (5) INSURE THE HOUSE FOR BETWEEN 80-100% OF ITS FULL REPLACEMENT COST.**

{¶11} In her first assignment of error, Moor and Miller argue that the trial court erred in granting summary judgment in favor of American Family and Newton. An appellate court reviews a grant of summary judgment independently, and without any deference to the trial court. *Conley-Slowinski v. Superior Spinning & Stamping Co.* (1998), 128 Ohio App.3d 360, 363, 714 N.E.2d 991.

Case No. 4-09-13

The standard of review for a grant of summary judgment is de novo. *Hasenfratz v. Warnement* 3rd Dist. No. 1-06-03, 2006-Ohio-2797 citing *Lorain Nat'l. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 572 N.E.2d 198.

{¶12} A grant of summary judgment will be affirmed only when the requirements of Civ.R.56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R.56(C); see *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, 1995-Ohio-286, paragraph three of the syllabus. Additionally, Civ.R. 56(C) mandates that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶13} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of

demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264, 1996-Ohio-107. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R. 56(E).

{¶14} In ruling on a summary judgment motion, a court is not permitted to weigh evidence or choose among reasonable inferences, rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the non-moving party. *Jacobs v. Racevskis* (1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653.

{¶15} In the present case, Moor and Miller allege that Newton breached his duty as an insurance agent. An insurance agency has a duty to exercise good faith and reasonable diligence in obtaining insurance that its customer requests. *Frye v. Walters & Peck Agency, Inc.* (2001), 141 Ohio App.3d 303, 310, 750 N.E.2d 1194. See also, *First Catholic Slovak Union v. Buckeye Union Ins.* (1986), 27 Ohio App.3d 169, 170, 499 N.E.2d 1303, 1305; *Stuart v. Natl. Indemn. Co.* (1982), 7 Ohio App.3d 63, 66, 454 N.E.2d 158, 162-163. "When the agency knows that the customer is relying upon its expertise, the agency may have a further duty to exercise reasonable care in advising the customer. *Stuart, supra.*

The customer, however, has a corresponding duty to examine the coverage provided and is charged with knowledge of the contents of his or her own insurance policies." *Frye*, 141 Ohio App. 3d at 310. See also, *Craggett v. Adell Ins. Agency* (1993), 92 Ohio App.3d 443, 453, 635 N.E.2d 1326, 1332-1333; *Nickschinski v. Sentry Ins. Co.* (1993), 88 Ohio App.3d 185, 195, 623 N.E.2d 660, 666-667.

{¶16} In considering the evidence before it, the trial court reached the following conclusion:

> **The evidentiary materials before the court, however, even construed most strongly in favor of Plaintiffs, demonstrate that these claims are without merit and must be dismissed.**
>
> **Notwithstanding Plaintiffs efforts to create a factual issue, it is undisputed that Ms. Moor knew that she was applying for Eighty-two Thousand Dollars ($82,000.00) in dwelling coverage and this was in fact provided.**
>
> **There is not evidence before the court that Defendants breached any duty to Plaintiffs.**
>
> **\*\*\***
>
> **In the instant case, Plaintiffs applied for specific coverage, received that coverage and American Family paid what was owed pursuant to its policy. Plaintiffs got what they bought and the insurer has no duty to sell a customer more than what they want.**
>
> **\*\*\***
>
> **As to Plaintiffs' claims seeking reformation of the contract, there is no evidence that the written instrument herein, the**

**insurance policy, did not express the true agreement of the contracting parties by reason of a mistake common to them. Reformation, which would only be available upon showing of mutual mistake by clear and convincing evidence is not available here.  Wagon v. National Fire Ins. Co., (1937), 132 [Ohio St.] 405.**

{¶17} This Court, when undertaking a similar review of the evidence agrees with the conclusions reached by the trial court.  In her affidavit, Walkup stated, in pertinent part, as follows:

> **Charissa Moor was a client of Greg Newton.  She was insured with Ohio Fair Plan for homeowners' coverage from June 22, 2005 to June 22, 2006.  Ms. Moor indicated that she wanted to purchase homeowners insurance through American Family once her Ohio Fair Plan policy expired. The Ohio Fair Plan policy contained dwelling coverage limits of $80,000.00.**
>
> **I met with Charissa Moor in June 2006 so that she could sign her American Family Insurance application.  A true, genuine, and correct copy of the application is attached hereto as Exhibit A.  I advised Ms. Moor that her coverage under the Ohio Fair Plan policy was less than the replacement costs for her home.  I advised Ms. Moor of the consequences of her coverage limits in the event that she had a loss and asked her if she would like to increase her dwelling limits.  I told Ms. Moor that the replacement cost of her home was $97,900.00.**
>
> **After being fully apprised of this information, Ms. Moor responded that she did not want to increase her policy limits to the replacement cost of the home.  She chose dwelling limits of $82,000.00 on her application with American Family.**

Alternatively, Moor testified that she did not remember whether this discussion occurred.

**Q. All right. And I apologize if I asked you this, but where did that $82,000 figure come from, if you know?**

**A. I don't know.**

**\*\*\***

**Q. Do you remember whether you told Greg that you wanted – or, excuse me. Do you remember whether you told Angie that you wanted to insure the house for $82,000.**

**A. I don't remember telling her that –**

**Q. All right.**

**A. – or I wanted to or anything else.**

**Q. Are you saying you definitely didn't do it or you don't remember?**

**A. I don't remember.**

(Moor's Deposition pgs. 49).

{¶18} Moor further stated, during her deposition, that she did not remember when she discussed the American Family policy with Walkup, or exactly what was discussed at that time. Therefore, this Court finds that nothing in the record contradicts Walkup's testimony that she discussed with Moor, the consequences of purchasing coverage for less than the replacement value of her home. Accordingly, we cannot find any genuine issue of material fact concerning whether Newton and American Family breached a duty to Moor and Miller.

{¶19} Additionally, as noted by the trial court, Moor introduced no evidence of mutual mistake which would warrant reformation of the contract. Viewing all of the evidence in the record, all parties were aware of the coverage Moor was purchasing and the effect of that purchase. Accordingly, Moor's assignment of error is overruled.

{¶20} Based on the foregoing, the April 16, 2009 Judgment Entry of the Court of Common Pleas of Defiance County, Ohio is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**