[Cite as *Williams v. Shawnee Twp.*, 2023-Ohio-252.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# ALLEN COUNTY

DEE DEE WILLIAMS,

    PLAINTIFF-APPELLANT,

    -and-                          CASE NO. 1-22-35

TIKASHA DAWSON,

    PLAINTIFF-APPELLEE,

    v.                              O P I N I O N

SHAWNEE TOWNSHIP, ET AL.,

    DEFENDANTS-APPELLEES.

---

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2021 0030

Judgment Affirmed

Date of Decision: January 30, 2023

---

APPEARANCES:

    *Jessica M. Bacon* for Appellants

    *Christopher R. Walsh* for Appellees, Acceptance Insurance Co., et al.

Case No. 1-22-35

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, Dee Dee Williams ("Williams"), appeals the May 4, 2022 judgment of the Allen County Court of Common Pleas granting summary judgment in favor of defendants-appellees Acceptance Insurance Company and Acceptance Insurance Agency (collectively, "Acceptance Insurance"), and dismissing her claims against Acceptance Insurance. We affirm.

{¶2} This matter stems from an automobile accident on February 25, 2019 between a stolen black Ford Mustang (owned by Steven Sasada ("Sasada")) and the vehicle operated by Williams (in which plaintiff-appellee, Tikasha Dawson ("Dawson"), was a passenger), following a police pursuit of the vehicle by Sergeant Adam Hoehn ("Sergeant Hoehn") of the Shawnee Township Police Department.

{¶3} The relationship between Williams and Acceptance Insurance began in November 2017 when she purchased the automobile-insurance policy at issue in this case. Williams testified that, when she obtained her 2017 policy, she "went into [Acceptance Insurance's] office, and [she] got full coverage insurance." (Nov. 2, 2021 Depo. at 59). She further testified that she electronically verified that she reviewed the policy, and then paid her monthly premiums at Acceptance Insurance's Lima office. Williams renewed her policy in 2018 with Acceptance Insurance.

{¶4} Of note, Williams was a previous client of Acceptance Insurance in 2006 to 2007. A review of that policy unequivocally reflects that Williams purchased uninsured-motorist coverage. (*See* Nov. 2, 2021 Depo, Ex. B).

{¶5} Following the 2019 accident, Williams contacted Acceptance Insurance and reported the accident. According to Williams, a representative from Acceptance Insurance informed her that she had "full coverage insurance." (Nov. 2, 2021 Depo. at 65). Williams testified that her belief of full-coverage insurance means insurance that covers "[e]verything." (*Id.*). Nevertheless, Williams testified that she did not purchase uninsured-motorist coverage. Consequently, Acceptance Insurance denied Williams's request for coverage because her coverage did not include uninsured-motorist coverage.

{¶6} On February 3, 2021, Williams and Dawson (collectively, "plaintiffs") filed a complaint in the trial court alleging negligence against Shawnee Township, the Shawnee Township Police Department, Sergeant Hoehn, and Sasada. The plaintiffs' complaint further alleged a claim for negligent misrepresentation and negligent procurement of insurance against Acceptance Insurance. Acceptance Insurance filed its answer on March 12, 2021.

{¶7} Shawnee Township, the Shawnee Township Police Department, and Sergeant Hoehn filed a motion for leave to file an answer instanter on April 19, 2021, which the trial court granted the next day. Sasada filed his answer on May

20, 2021. On June 10, 2021, Sasada filed a motion for a judgment on the pleadings under Civ.R. 12(C). The plaintiffs filed a memorandum in opposition to Sasada's motion for a judgment on the pleadings on June 29, 2021. On June 30, 2021, the trial court granted Sasada's motion for a judgment on the pleadings under Civ.R. 12(C) and dismissed the plaintiffs' claim against Sasada with prejudice.

{¶8} On March 30, 2022, Acceptance Insurance filed a motion for summary judgment. In their motion for summary judgment, Acceptance Insurance alleged that there is no genuine issue of material fact that Williams did not purchase uninsured-motorist coverage or request such coverage. The plaintiffs filed a memorandum in opposition to Acceptance Insurance's motion for summary judgment on May 2, 2022. As evidence in support of her memorandum in opposition to Acceptance Insurance's motion for summary judgement, Williams included an affidavit in which she averred, in relevant part, that "[i]t is true that [she] did not purchase Uninsured Motorist coverage however [she] was not aware that [she] did not purchase it until after the crash" and that "[u]p until the crash * * * , [she] believed the premium [she] was paying to First Acceptance [sic] for 'full coverage' included Uninsured Motorist coverage." (Doc. No. 58).

{¶9} On May 4, 2022, the trial court granted summary judgment in favor of Acceptance Insurance after concluding that there is no genuine issue of material fact that Williams's insurance policy did not include uninsured-motorist coverage or that

Williams did not request such coverage. (Doc. No. 62). Since the trial court disposed of the plaintiffs' claim against Shawnee Township, the Shawnee Township Police Department, and Sergeant Hoehn in a separate entry, the trial court certified that there is no just reason for delay under Civ.R. 54(B).

{¶10} Williams filed her notice of appeal on May 27, 2022. She raises one assignment of error for our review.

### Assignment of Error

**The Trial Court improperly granted summary judgment in favor of First Acceptance Insurance Company when it determined there was no evidence to support Ms. Williams' claim that she was led to believe she had "full coverage" insurance including uninsured motorist coverage.**

{¶11} In her assignment of error, Williams argues that the trial court erred by granting summary judgment in favor of Acceptance Insurance as to her negligent-procurement claim.[1] Specifically, Williams contends that genuine issues of material fact remain as to whether Acceptance Insurance negligently failed to procure an insurance policy that contained uninsured-motorist coverage.

### *Standard of Review*

{¶12} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist.

---

[1] Because Williams does not raise any argument as to her negligent-misrepresentation claim, we will not address it.

Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶13} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

*Analysis*

{¶14} "Ohio law recognizes a cause of action against an insurance agency for negligent procurement where the agency fails to act with reasonable diligence in providing an insured with requested coverage." *Amankwah v. Liberty Mut. Ins.*

-6-

Case No. 1-22-35

*Co.*, 1st Dist. Hamilton No. C-150360, 2016-Ohio-1321, ¶ 10. *See also Westfield Natl. Ins. Co. v. Young*, 12th Dist. Warren No. CA2005-12-135, 2006-Ohio-5839, ¶ 56 (noting that "an action for negligence may be based upon an insurance agent's failure to procure insurance"). To succeed on a claim for negligent procurement, a plaintiff must demonstrate that: (1) he is owed a duty by the defendant; (2) the defendant a breached that duty; and (3) he suffered an injury proximately caused by the defendant's breach. *Robson v. Quentin E. Cadd Agency*, 179 Ohio App.3d 298, 2008-Ohio-5909, ¶ 19 (4th Dist.). *See also Emahiser v. Complete Coverage Ins., LLP*, 53 F.Supp.3d 1025, 1028 (N.D.Ohio 2014). *See generally Fraley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 18AP-731, 2019-Ohio-2804, ¶ 11 (The plaintiff has the burden to prove each element of their negligence claim by a preponderance of the evidence.").

{¶15} Generally, "[a]n insurance agency has a duty to exercise good faith and reasonable diligence in obtaining insurance which its customer requests." *Westfield Natl. Ins.* at ¶ 57. "An insurance agency will be liable if, as a result of its "'negligent failure to [procure insurance], the other party to the [insurance] contract suffers a loss because of a want of insurance coverage contemplated by the [insurance agency's] undertaking." *Id.* at ¶ 56, quoting *Minor v. Allstate Ins. Co.*, 111 Ohio App.3d 16, 21 (2d Dist.1996). "'When the agency knows that the customer is relying upon its expertise, the agency may have a further duty to

exercise reasonable care in advising the customer.'" *Moor v. Am. Family Ins. Co.*, 3d Dist. Defiance No. 4-09-13, 2009-Ohio-4442, ¶ 15, quoting *Fry v. Walters & Peck Agency, Inc.*, 141 Ohio App.3d 303, 310 (6th Dist.2001).

{¶16} "Ohio law also recognizes a corresponding duty on the part of an insured to review the insurance policy and know the extent of insurance coverage issued." *Amankwah* at ¶ 10. *See also Westfield Natl. Ins.* at ¶ 57 ("The insured has the corresponding duty to examine the policy, know the extent of its coverage, and notify the agent if said coverage is inadequate."); *Moor* at ¶ 15. Importantly, an insurance agency "'is not liable when a customer's loss is due to the customer's own act or omission.'" *Westfield Natl. Ins.* at ¶ 57, quoting *Craggett v. Adell Ins. Agency*, 92 Ohio App.3d 443, 453 (8th Dist.1993).

{¶17} In this case, the trial court determined that "[t]he insurance contract is not ambiguous as relates [sic] to uninsured motorist coverage." (Doc. No. 62). Consequently, the trial court granted summary judgment in favor of Acceptance Insurance after concluding that "[t]here is no genuine issue of material fact that the policy notified plaintiff Williams that uninsured motorist coverage was available, but without a limit or premium, uninsured motorist coverage was not part of the contract." (*Id.*).

{¶18} Here, the parties do not dispute that Williams did not purchase uninsured-motorist coverage. Instead, the parties dispute the meaning of "full

coverage" as expressed by Williams's belief that her policy offered "full coverage." Specifically, Williams believes that a policy with "full coverage" includes uninsured-motorist coverage. Acceptance Insurance disputes Williams's belief and contends that she had a duty to review her insurance policy and declarations.

**{¶19}** Based on our review of the record, we conclude that there is no genuine issue of material fact that Acceptance Insurance did not negligently fail to procure an insurance policy for Williams that contained uninsured-motorist coverage. Even though there is a disagreement between many of our sister-appellate districts as to whether an insured's failure to read his or her insurance policy creates a triable issue, that is not an issue that we need to address in this case. *Compare Amankwah*, 2016-Ohio-1321, ¶ 23-24 with *Robson*, 179 Ohio App.3d 298, 2008-Ohio-5909, ¶ 28-30.

**{¶20}** Rather, the issue in this case is whether Acceptance Insurance had a duty to explain the perils of declining uninsured-motorist coverage and whether it breached any such duty to Williams by neglecting to do so. Here, Williams argues that genuine issues of material fact remain as to whether Acceptance Insurance was negligent by failing to: (1) "offer uninsured motorist coverage"; (2) "discuss [the availability of uninsured-motorist coverage] with their longtime insured" client; (3) "explain the importance of this coverage"; and " insure [sic] that Ms [sic] Williams

understood that she would no longer have this coverage that she had before." (Appellant's Brief at 7-8).

**{¶21}** Even if we assume without deciding that Acceptance Insurance had a duty to explain the perils of declining uninsured-motorist coverage, based on the specific facts and circumstances of this case, there is no genuine issue of material fact that Acceptance Insurance did not breach any such duty. *Accord Moor*, 2009-Ohio-4442, at ¶ 18. That is, Williams did not present any evidence creating a genuine issue of material fact that Acceptance Insurance was negligent in any of the ways that she suggests.

**{¶22}** First, Williams's argument that Acceptance Insurance was negligent by failing to offer her uninsured-motorist coverage is without merit. That is, under Ohio law, there is no requirement that Acceptance Insurance offer uninsured-motorist coverage to Williams or obtain her written refusal. *See Arn v. McLean*, 159 Ohio App.3d 662, 2005-Ohio-654, ¶ 22 (2d Dist.); R.C. 3937.18(A). *See also Westfield Natl. Ins.*, 2006-Ohio-5839, at ¶ 63 (noting that the General Assembly removed "the requirement that insurers offer [uninsured motorist] or [underinsured motorist] coverage" "[a]s of October 31, 2001").

**{¶23}** Furthermore, Williams did not put forth any evidence reflecting a genuine issue of material fact that Acceptance Insurance failed to explain the perils of declining uninsured-motorist coverage. That is, Williams did not present any

evidence that she was unaware of the availability of uninsured-motorist coverage or of its importance. To the contrary, Williams identified a copy of an insurance policy that she purchased from Acceptance Insurance in 2006 which included uninsured-motorist coverage. (*See* Nov. 2, 2021 Depo., Ex. B). *Compare Fry*, 141 Ohio App.3d at 310 (noting that the agency "attached to its motion for summary judgment copies of declarations pages for three policy periods dating as far back as 1988, all of which indicate the existence of the coinsurance clause in the Fry policy"). In other words, because the record reflects that Williams previously purchased an insurance policy from Acceptance Insurance that included uninsured-motorist coverage, she cannot now argue ignorance as to its availability or of its importance in her current policy.

{¶24} Nevertheless, to the extent that Williams contends that her belief that her policy provided "full coverage" (which she believed included uninsured-motorist coverage) creates a triable issue, Williams's argument is belied by the record. Specifically, even though Williams testified that she paid her monthly premium in person in Acceptance Insurance's Lima office, there is no evidence that she ever inquired about the meaning of "full coverage" or whether her policy included uninsured-motorist coverage. *Compare Fry* at 310 ("There is no evidence that [the insured] had inquired specifically about the meaning of the clause at any time during the numerous years the clause was in his policy," "absent specific

-11-

inquiry by the insured, [the agency] had no duty to explain the coinsurance clause"). Moreover, Williams testified that Acceptance Insurance informed her that she allegedly had "full coverage" *after* the accident, but *not at the time of the policy formation* in 2017.

**{¶25}** Indeed, Williams failed to present any evidence that she ever requested that her 2017 policy include (at the time of its formation) uninsured-motorist coverage or even the "full coverage" of which she believed to include uninsured-motorist coverage. *See Westfield Natl. Ins.*, 2006-Ohio-5839, at ¶ 65 (addressing that the insured's claim "that she would have purchased [underinsured-motorist coverage] had it been properly explained, but there is no evidence that supports this assertion" and that "[t]here is no evidence that [underinsured-motorist] coverage was improperly explained").

**{¶26}** In sum, there is no evidence in the record that Williams relied on Acceptance Insurance's expertise in determining the amount of coverage that she wanted. *Compare id.* at ¶ 66 (analyzing that "[t]here is no evidence that [the insured relied on [the insurance agency's experience to determine the amount of coverage she wanted"). Consequently, the aforementioned evidence is insufficient to create genuine issue of material fact to send this case to a jury.

**{¶27}** For these reasons, we conclude that there is no genuine issue of material fact that Acceptance Insurance did not negligently fail to procure an

insurance policy for Williams that contained uninsured-motorist coverage. Therefore, the trial court did not err by granting summary judgment in favor of Acceptance Insurance.

{¶28} Williams's assignment of error is overruled.

{¶29} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER, P.J. and SHAW, J., concur.**

**/jlr**